UNITED STATES of America, Appellee

v.

Keith E. JONES, Appellant.

No. 94–3062.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 11, 1995.

Decided Oct. 10, 1995.

Frederick J. Sullivan, Portsmouth, NH, appointed by the court, argued the cause and filed the brief for appellant.

Elizabeth H. Danello, Assistant United States Attorney, Washington, DC, argued the cause for appellee, with whom Eric H. Holder, Jr., United States Attorney, John R. Fisher, and Odessa F. Vincent, Assistant United States Attorneys, were on the brief.

Before: WALD, SILBERMAN and ROGERS, Circuit Judges.

ROGERS, Circuit Judge:

The principal issue in this appeal is the harmfulness of informing the jury of the nature of the defendant's prior felony conviction in a prosecution under 18 U.S.C. § 922(g) [1] where the prior conviction is essentially identical to other charges in the indictment. On appeal, the government concedes that, in light of the defendant's offer to stipulate to the fact of his prior conviction, it was error to inform the jury of the nature of the prior felony. In accord with precedent in this circuit, we reverse in view of the undue prejudice to the defense and remand for a new trial.

I.

Appellant Keith E. Jones was convicted by a jury of all six counts in an indictment that included the charge of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) (1988) and 18 U.S.C. § 2 (1994). The indictment also charged that Jones was a convicted felon whose possession of a firearm violated 18 U.S.C. § 922(g)(1) (1994).[2]

1. 18 U.S.C. § 922(g)(1) (1994) makes it a crime for any person:

who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or

affecting commerce, any firearm or ammunition.

2. Jones was indicted and convicted on four other counts: possession with intent to distribute phencyclidine (PCP), 21 U.S.C. § 841(a), (b)(1)(C)

The prior felony conviction was for possession with intent to distribute cocaine, the same charge as in one count of the indictment and closely related to the other counts alleging Jones' participation in a drug-distribution scheme.

The government's evidence showed that when the police executed a search warrant at an apartment at 3912 Wheeler Road, in Southeast Washington, D.C., on January 30, 1991, they initially encountered Troy Holder. Upon entering the kitchen, the police saw Jones seated at a table, talking on the telephone. Jones had a plastic bag of crack cocaine in his hand. Several similar packets were on a plate in front of him, and a razor blade was lying next to the plate. The packets appeared to be of a size common in street sales, and there were several empty plastic bags. The police searched Jones and found one plastic bag of crack and one hundred dollars in cash. They also searched the apartment and found three guns in various locations and large quantities of cocaine and phencyclidine (PCP). In a bedroom, the police found several photos with Jones in them, as well as a pay stub in Jones' name between the mattress and box spring of a bed. A slip of paper found on Jones was the same size and had similar coloring as paper found in a locked tool box that contained drugs and a gun and was found in the apartment.

Jones' defense was that he did not live in the apartment and was not part of the drug operation, but was merely a customer who happened to be in the wrong place at the wrong time. According to Jones, Troy Holder, the true drug dealer, had permitted his customer Jones to use the telephone in the apartment to call Jones' girlfriend. Jones' girlfriend testified that Jones had called her and was planning a date when the call was interrupted by the police. Jones' aunt testified that Jones had lived with her at the time of his arrest.

Prior to trial, Jones' attorney had offered to stipulate to the fact that Jones had a prior felony conviction, and he moved to exclude evidence of the nature of the prior conviction pursuant to Rule 403 of the Federal Rules of Evidence.[3] The prosecutor argued that the nature of the prior felony was admissible because the government had the burden of proving the specific prior conviction charged in the indictment. The district court deferred ruling on the defense request, but ordered the prosecutor not to refer to the nature of the prior felony in opening argument. Almost immediately thereafter, however, the district court read the indictment to the jury, including the nature of the prior felony set out in the § 922(g) charge.[4]

At trial, Jones objected when the prosecutor attempted to elicit the nature of his prior conviction from a government witness. During a bench conference, the district court advised Jones' counsel that "the cat is probably out of the bag" because the court had read all of count six of the indictment to the jury and overruled the objection. The witness proceeded to describe the nature of the prior felony and also identified a certified copy of the judgment of Jones' conviction for possession with intent to distribute cocaine. The district court then gave a limiting instruction.[5] The court also included a similar

---

(1988) and 18 U.S.C. § 2 (1994); possession with intent to distribute cocaine within 1000 feet of a school, 21 U.S.C. §§ 841(a)(1) & 860(a) (1988 & Supp. V 1993) and 18 U.S.C. § 2 (1994); possession with intent to distribute PCP within 1000 feet of a school, 21 U.S.C. §§ 841(a)(1) & 860(a) (1988 & Supp. V 1993) and 18 U.S.C. § 2 (1994); and carrying a firearm during a drug trafficking offense, 18 U.S.C. §§ 2 & 924(c)(1) (1994).

3. Federal Rule of Evidence 403 provides:
   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice....

4. The district court informed the jury that:
   [C]ount 6 charges that on or about January 30, 1991, within the District of Columbia, that Mr.

Jones, having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, possession with intent to distribute cocaine in D.C. Superior Court on October 19, 1989, did unlawfully, knowingly, and willfully receive and possess a firearm....

5. The district court instructed the jury:
   Now, I caution the jury that this evidence is admitted for a very limited purpose, and that is because it is an element of one of the charges contained in the indictment, and I have admitted it only for that purpose. Now, if you decide to accept that evidence, you may only accept it for the limited purpose that I have admitted it for, that is, as an element.... [Y]ou may accept it for that limited purpose

limiting instruction in the final instructions to the jury. The jury found Jones guilty as charged, and the district court denied Jones' motion for a new trial.

## II.

On appeal, Jones contends that the district court abused its discretion under Federal Rule of Evidence 403 by allowing the government to prove the nature of his prior conviction, when it was for virtually the same offense for which he was on trial. The government concedes that the evidence of the nature of Jones' prior felony conviction should not have been admitted as part of his § 922(g) prosecution once Jones offered to stipulate to the fact of that conviction. Nonetheless, the government maintains that the error was harmless because the prosecution did not emphasize the evidence, the district court gave limiting instructions, Jones did not move for a severance, and there was compelling evidence of guilt.

The jury was confronted on five occasions with both the fact and nature of Jones' prior felony conviction: when the district court read the indictment to the jury at the beginning of the trial; when the prosecutor elicited oral testimony, over Jones' objection, of the nature of the felony conviction; when the government introduced into evidence the certificate of the felony conviction; when the prosecutor referred to the nature of the conviction during closing argument; and when the court mentioned the nature of the prior conviction twice while instructing the jury on the § 922(g) count. In addition, the jury heard of the nature of the prior felony when the district court twice instructed the jury that it should not consider Jones' prior felony conviction for possession with intent to distribute cocaine in determining his guilt or innocence of the pending firearms offense or any other pending offense of which he was charged in the indictment.

This court has long cautioned against the highly prejudicial nature of other-crimes evidence. It "is always ... prejudicial to a defendant. It diverts the attention of the jury from the question of the defendant's responsibility for the crime charged to the improper issue of his bad character." *United States v. James*, 555 F.2d 992, 1000 (D.C.Cir.1977) (alteration in original) (quoting *United States v. Phillips*, 401 F.2d 301, 305 (7th Cir.1968)). Federal Rule of Evidence 403 embodies the concern for a defendant's right to a fair trial and requires the district court to reject evidence whose prejudicial effect substantially outweighs its probative value. *See United States v. Simpson*, 992 F.2d 1224, 1229 (D.C.Cir.) (finding "the fairness of the entire proceeding" questionable when other-crimes evidence was improperly admitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 286, 126 L.Ed.2d 236 (1993).[6]

At the time of Jones' trial, the district court and the trial prosecutor also had the guidance of *United States v. Daniels*, 770 F.2d 1111 (D.C.Cir.1985). In *Daniels*, the nature of the prior felony had been redacted from the felon-in-possession-of-firearms charge in the indictment, and the jury was read a stipulation that the defendant had been convicted of an unspecified felony. *Id.* at 1114. This court affirmed the conviction,

---

only, and you must not, I stress to you, you must not consider that evidence as tending to show in any other way the defendant's guilt for any offense for which he is now on trial. You must consider the case before you based upon the evidence in this case and not at all based upon that prior conviction, and that is admitted only for the limited purpose as I have explained to you.

**6.** In an observation apt here, this court noted in the seminal case of *Drew v. United States*, 331 F.2d 85 (D.C.Cir.1964) that:

The large majority of persons of average intelligence are untrained in logical methods of thinking, and are therefore prone to draw illogical and incorrect inferences, and conclusions without adequate foundation. From such persons jurors are selected. They will very naturally believe that a person is guilty of the crime with which he is charged if it is proved to their satisfaction that he has committed a similar offense, or any offense of an equally heinous character. And it cannot be said with truth that this tendency is wholly without reason or justification, as every person can bear testimony from his or her experience that a man who will commit one crime is very liable subsequently to commit another of the same description.

*Id.* at 89–90 n. 8 (quoting 1 H.C. Underhill, A Treatise on the Law of Criminal Evidence § 205, at 447 (Philip F. Herrick ed., 5th ed. 1956)).

declining to fashion an absolute rule against the joinder of ex-felon charges with other charges if evidence of the fact of the prior conviction would normally be inadmissible as to those charges. The court reasoned that such a rule would limit the district court's usual discretion under Federal Rule of Criminal Procedure 14 whether to sever charges to prevent unfair prejudice. *Id.* at 1115. In so doing, the court pointed out the "special problems" created by joinder of a count that requires proof of the defendant's status as a felon. *Id.* A jury is apt to misuse the fact of the defendant's prior felony as evidence of his bad character, and, even with a limiting instruction, "prejudice to the defendant is 'well-nigh inescapable.'" *Id.* at 1115 (citation omitted). The court therefore cautioned that "it consequently will behoove prosecutors and trial judges to proceed with caution when situations similar to this one face them in the future." *Id.* at 1118.

On appeal, the government concedes that, for purposes of 18 U.S.C. § 922(g), the district court erred in permitting the jury to learn the nature of Jones' prior felony conviction after he offered to stipulate to his status as a felon. Although some circuits have taken a position more favorable to the prosecution, *see, e.g., United States v. Breitkreutz,* 8 F.3d 688, 690–92 (9th Cir.1993) (holding that the government is not required to accept a stipulation to felon status in a § 922(g) case), the government urges this court to adopt the approach of the First Circuit in *United States v. Tavares,* 21 F.3d 1 (1st Cir.1994) (en banc). There, the First Circuit held that it was an abuse of discretion to allow the prosecution to introduce evidence of the nature of the prior felony in a § 922(g) case when the defendant had offered to stipulate to the fact of prior conviction. *Id.* at 2. Distinguishing cases in which the defense

offered to stipulate to facts relevant on other grounds to the pending charges,[7] the First Circuit observed that the nature of the prior felony is not relevant to a § 922(g) charge, which requires proof only of the defendant's status as a felon. *Id.* at 3–4. Thus, preventing the government from introducing the nature of the predicate crime in a § 922(g) prosecution does not limit the prosecution's right to make a full presentation of evidence relating to the pending charges. *Id.* Noting that there is more than one way to prove the defendant's status, the First Circuit explained:

> The status element is a discrete and independent component of the crime, a requirement reflecting a Congressional policy that possession of a firearm is categorically prohibited for those individuals who have been convicted of a wide assortment of crimes calling for a punishment of over a year's imprisonment.... The predicate crime is significant only to demonstrate status, and a full picture of that offense is—even if not prejudicial—beside the point.

*Id.* at 4.

The issue in this circuit has previously arisen in the context of severance motions, *see United States v. Dockery,* 955 F.2d 50, 54 (D.C.Cir.1992); *Daniels,* 770 F.2d at 1116, but the underlying rationale of these decisions is no less applicable to the analysis of § 922(g) under Federal Rule of Evidence 403. To decide Jones' appeal, we need only agree with the First Circuit's analysis in *Tavares* that the defendant's status in § 922(g) "is a discrete and independent component of the crime," and we can leave other issues for another day.[8] Jones does not contend that the fact of his prior conviction should have been kept from the jury. Thus, we conclude that the government's conces-

---

7. *E.g., United States v. Blackburn,* 592 F.2d 300, 301 (6th Cir.1979) (DeMascio, J., concurring); *United States v. Brickey,* 426 F.2d 680, 685–86 (8th Cir.), *cert. denied,* 400 U.S. 828, 91 S.Ct. 55, 27 L.Ed.2d 57 (1970). *But see United States v. Flenoid,* 718 F.2d 867, 868 (8th Cir.1983) (per curiam) (holding that the prosecution need not accept a defendant's stipulation to status as a felon); *United States v. Smith,* 520 F.2d 544, 548 (8th Cir.1975) (same), *cert. denied,* 429 U.S. 925, 97 S.Ct. 328, 50 L.Ed.2d 294 (1976).

8. The government did not seek to admit evidence of the nature of Jones' prior felony conviction on alternative grounds. Hence, we have no occasion to address its admissibility under Federal Rule of Evidence 404(b). *See also Tavares,* 21 F.3d at 5 (holding that, even when evidence beyond the fact of a conviction is relevant, it is still subject to Rule 403 balancing).

sion of error in Jones' § 922(g) prosecution is appropriate for two reasons.

First, the danger of undue prejudice by allowing the government to introduce evidence regarding the nature of Jones' prior felony conviction was manifest in view of the virtually identical charges in the indictment. In addition to the authority in this circuit that was available prior to Jones' trial, the more recent *Dockery* case makes clear that the district court and the trial prosecutor proceeded with insufficient caution. On facts similar to *Daniels,* this court reversed the defendant's convictions in *Dockery,* in a multi-count drug-distribution indictment including a § 922(g) count, because the government had repeatedly introduced evidence of the fact of the defendant's prior felony conviction, although not the nature of the prior felony, and no limiting instructions cautioning against the use of this evidence in deciding guilt or innocence of other charges were given to the jury. 955 F.2d at 54–56. By contrast, in the instant case, although the district court gave limiting instructions, the nature of the prior felony was repeatedly brought to the jury's attention by the judge and the prosecutor. Because the prior felony conviction was identical to a count of Jones' indictment and essentially identical to the remaining counts, the danger of unfair prejudice was greater than in *Dockery,* where the nature of the prior felony conviction was never divulged to the jury. *See also United States v. Fennell,* 53 F.3d 1296, 1301–02 (D.C.Cir.1995) (finding no plain error, in a defendant's trial for possession of a firearm while under a separate felony indictment, when the fact of the indictment was disclosed to the jury but the nature of the underlying charge was not). The government's argument that, because Jones failed to request a severance, the court should view his Federal Rule of Evidence 403 contention as though the trial had involved only a single count charging a § 922(g) violation, is beside the point. While *Daniels* and *Dockery* involved

motions to sever, nothing in those opinions suggests that the relatively radical remedy of severance is the only permissible way to ameliorate the prejudice of joining a felon-in-possession charge with other charges. Both cases placed the obligation to avoid unfair prejudice on the prosecution as well as on the court. *Daniels,* 770 F.2d at 1118–19; *Dockery,* 955 F.2d at 55. The trial prosecutor here failed to discharge that obligation by opposing the more moderate remedy proposed by the defense, and the government cites no authority for penalizing Jones on appeal for his decision not to request severance.

Second, the government did not need to establish the nature of Jones' prior felony to meet its burden of proof. The prosecutor erroneously informed the district court that the government was required under § 922(g) to prove the nature of the prior felony that formed the predicate for count six of the indictment. The statute requires only that the government prove that the defendant "has been convicted ... of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1) (1994). As the First Circuit pointed out in *Tavares,* "Congress required no gradation for seriousness, numerosity or recency, although such distinctions have in other contexts been given significance." 21 F.3d at 4. The nature of Jones' prior conviction was therefore irrelevant to the § 922(g) charge.[9] *Id.*

For these reasons, we hold that the district court abused its discretion in denying Jones' motion to exclude evidence of the nature of his prior felony conviction. *See United States v. Foskey,* 636 F.2d 517, 525 (D.C.Cir. 1980) (holding that a district court's admission of evidence over a Rule 403 objection is reviewed for abuse of discretion). In light of the then-existing law in this circuit, up to and including *Daniels,* we also hold that it was plain error for the district court to inform the

---

9. Because the government's stated purpose for introducing the evidence—to show the nature of Jones' prior conviction—was legally irrelevant irrespective of the stipulation, the instant case is distinguishable from the related situation in which a defendant offers to stipulate to an element of the charged offense, thereby attempting

to preclude the government from offering evidence for a purpose relevant to that element. This court, sitting in banc, has recently heard arguments in two cases presenting the latter issue. *United States v. Crowder,* No. 92–3133; *United States v. Davis,* No. 93–3059.

jury of the nature of the felony conviction when reading the indictment and giving the final jury instructions.[10]

We further hold that the errors were not harmless. *See James*, 555 F.2d at 1001 (relying on *Kotteakos v. United States*, 328 U.S. 750, 765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557 (1946), and other cases). Although we have no reservation in concluding that Jones' challenge to the sufficiency of the government's evidence is meritless, *see United States v. Staten*, 581 F.2d 878, 883–86 (D.C.Cir.1978) (explaining the constructive possession doctrine), there was still room for Jones' defense that he was only a casual user. His defense offered an explanation for his presence in the apartment, and the two packets in his actual possession were of a size common in street sales and not inconsistent with personal use. It remained for the jury to evaluate the government's evidence and to decide whether to credit the government expert's testimony that a drug distributor would not permit the presence of a casual user where drugs were prepared and packaged. However, once the jury learned that Jones had previously been convicted of possession with intent to distribute, Jones' casual-user defense was doomed. The virtual identity of the prior felony conviction and the pending offenses "may crucially have affected the jury's estimate on that score, and that possibility impels us to reverse." *James*, 555 F.2d at 1001 (footnote omitted). In like vein, the Fourth Circuit reversed a conviction for possession of an unregistered firearm where the indictment contained unnecessary language describing the defendant's prior felony, which was for carrying a handgun of the same type for which he was standing trial. *United States v. Poore*, 594 F.2d 39, 41–42 (4th Cir.1979) (reasoning that, despite the cautionary instruction to the jury, "it was not unlikely that the jury ... considered that fact in passing on [the defendant's] guilt or innocence of the offenses charged in this case"). Unlike *United States v. Lewis*, 40 F.3d 1325, 1342–43 (1st Cir.1994), on which the government relies, there was no eyewitness testimony of actual possession of an amount inconsistent with personal use. Instead, the government's evidence presented a classic constructive possession case of distribution and associated procurement in which the critical issue was Jones' control and dominion over items that were not in his actual possession.

Accordingly, we reverse Jones' judgments of conviction and remand the case to the district court for a new trial.[11]

---

**10.** The district court gave standard jury instruction 4.86 in instructing the jury on the § 922(g) count. District of Columbia Criminal Jury Instruction 4.86 (3d ed. 1978). At the time, standard instruction 4.86 called for the court to inform the jury of the specific prior felony alleged in the indictment, and, later in the instruction, to instruct the jury that the prior offense is a felony as a matter of law. The current version of the standard instruction is similar, although the comment suggests that the first mention of the nature of the prior felony should be omitted when it is not "in issue in any particular case." District of Columbia Criminal Jury Instruction 4.79, cmt. at 477 (4th ed. 1993). As the circuit precedent and the government's concession indicate, at least when the defendant stipulates to the fact of a felony conviction, the district court should avoid mentioning the nature of the prior felony to the jury.

**11.** In light of our disposition, we do not reach Jones' contentions that the district court erred by refusing to instruct the jury on the theory of his defense, and in denying his motion for new trial, based on the alleged coercion of a prospective defense witness by the prosecutor and newly discovered evidence in the form of another judge's finding in a different case that the chief police witness for the government at Jones' trial was not credible.