**UNITED STATES of America**

v.

**Omar Mohammed Ali REZAQ, a/k/a Omar Marzouki, Defendant.**

**Crim. No. 93–0284 (RCL).**

United States District Court,
District of Columbia.

Dec. 8, 1995.

Joe Valder, Assistant U.S. Attorney, Washington, DC, Scott Glick, Jennifer E. Levy, Criminal Division, U.S. Department of Justice, Washington, DC, for Plaintiff.

Robert Tucker, Sandra Roland, Assistant Federal Public Defender, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

This matter came before the Court on December 6, 1995 for oral argument on the following non-evidentiary motions: (1) defendant's motion to dismiss on the ground that the government unlawfully manufactured an element of the offense; (2) defendant's motion to strike surplusage from the indictment; and (3) defendant's motion to bifurcate. Following oral argument, the government submitted a proposed trial schedule to the Court.[1] Upon consideration of the arguments and filings of counsel, the Court shall deny each of defendant's motions for the reasons set forth below.

## DISCUSSION

A. *Defendant's Motion to Dismiss on the Ground that the Government Has Unlawfully Manufactured an Element of the Offense*

 Defendant is charged with one count of aircraft piracy, in violation of the Antihijacking Act, 49 U.S.C.App. §§ 1472(n)(1), 1472(n)(1)(B).[2] The statute provides:

1. The Court shall modify the government's proposed scheduling order and issue a trial schedule in a separate Order.

Whoever aboard an aircraft in flight outside the special aircraft jurisdiction of the United States commits [an unlawful seizure of the aircraft as defined in section (2) of this provision] and is afterward found in the United States shall be punished—
(B) if the death of another person results from the commission or attempted commission of the offense, by death or by imprisonment for life.

*Id.* Defendant contends that the government unlawfully manufactured the jurisdictional element of the aircraft piracy offense—that defendant be "found in the United States"—when it "forcibly and involuntarily" removed defendant to the United States to stand trial. The government, however, maintains that the statutory language "found in the United States" does not impose a voluntariness requirement on persons who appear in United States federal courts to stand trial on charges under the Act.

A review of the legislative history of this statutory language substantiates the government's position on this matter. As the D.C. Circuit observed in *United States v. Yunis,* 924 F.2d 1086 (D.C.Cir.1991):

Congress intended the statutory term "found in the United States" to parallel the Hague Convention's "present in a [contracting state's] territory," a phrase which does *not* indicate the voluntariness limitation urged by [defendant]. Moreover, Congress interpreted the Hague Convention as requiring the United States to extradite or prosecute "offenders in custody," evidencing no concern as to how alleged hijackers came within U.S. territory.

*Id.* at 1092 (citations omitted) (emphasis added).

Defendant seeks to distinguish *Yunis* on the ground that defendant Yunis was already lawfully in the United States on other charges when he was "found in the United States" and charged under the Antihijacking Act. *See* Def.'s Mot. to Dis., at 5–6. True, Yunis was initially charged and taken into

2. 49 U.S.C.App. § 1472(n) has been recodified as 49 U.S.C. § 46502(b), with no meaningful change. However, 49 U.S.C.App. § 1472(n) remains fully applicable to offenses committed prior to its recodification.

custody to face charges under the Hostage Taking Act, which does not contain a jurisdictional element to the offense. However, the fact that Yunis was forcibly brought to this jurisdiction does not evaporate. Once Yunis was charged under the Antihijacking Act, the Court was forced to confront the jurisdictional question. Yunis would not have been present to stand trial and the jurisdictional element would not have been met under the Antihijacking Act *but for* the forcible and involuntary removal of Yunis to the United States. This is precisely why the *Yunis* Court reviewed the legislative history of the jurisdictional provision of the Antihijacking Act.

This Court finds the *Yunis* case decisive on the question whether Congress intended the forcible removal of an offender to the United States to constitute an unlawful manufacturing of a jurisdictional element of the offense of aircraft piracy. In light of the legislative history of the Antihijacking Act, and this Circuit's opinion in *United States v. Yunis,* the Court finds that the forcible removal of a person to the United States to stand trial for committing an offense under the Antihijacking Act does not constitute an unlawful manufacturing of the jurisdictional element of the offense. Accordingly, defendant's motion to dismiss shall be denied.

### B. Defendant's Motion to Strike Surplusage

Defendant seeks to strike the following language from paragraph two of Count One of the first superseding indictment:

including the murder of Scarlett M. Rogenkamp and Nitzan Mendelson, and the attempted murder of three other passengers, by shooting all five of those passengers with firearms.

Defendant argues that evidence concerning the murders and attempted murders of certain passengers during the course of the hijacking, while relevant to the penalty imposed in the event of conviction, is irrelevant to proving the charged violation of 49 U.S.C.App. § 1472(n)(1). At the outset, it should be noted that defendant's motion was filed in relation to the first superseding indictment. Since the filing of defendant's mo-

tion in January of 1994, the grand jury has returned a second superseding indictment, dated July 20, 1994. Defendant's motion therefore is moot in light of the return of the second superseding indictment. However, even if defendant's motion were filed against the second superseding indictment, defendant still would not be entitled to have the corresponding language stricken.

Motions to strike surplusage from an indictment are addressed to the sound discretion of the court. *See Dranow v. United States,* 307 F.2d 545 (8th Cir.1962), Charles A. Wright, *Federal Practice and Procedure: Criminal* § 127, at 426 (2d ed. 1982). Accordingly, the striking of surplusage from an indictment, although *permissible,* is by no means mandatory. Furthermore, the standard which a district court applies to determine whether to strike language from an indictment is rather exacting. A motion to strike surplusage should be granted only if it is clear that the surplusage is (1) not relevant to the charges; (2) inflammatory; *and* (3) prejudicial. Wright, *Federal Practice and Procedure: Criminal* § 127, at 426. Accordingly, surplusage is ordered stricken only in the rarest of instances.

More importantly, motions to strike surplusage from an indictment are highly disfavored in this Circuit. As the D.C. Circuit noted in *United States v. Jordan,* "[t]he standard under Rule 7(d) has been strictly construed against striking surplusage." 626 F.2d 928 (D.C.Cir.1980). Defendant therefore must overcome a most severe burden to move this Court to order the language stricken from the indictment.

The second superseding indictment charges defendant with one count of violating 49 U.S.C.App. § 1472(n), (n)(1)(B) (aircraft piracy), and 18 U.S.C. § 2 (aiding and abetting). The elements that the government must prove and a jury must find in order to convict the defendant are: (1) defendant was aboard an aircraft; (2) the aircraft was "in flight"; (3) the aircraft was outside the "special aircraft jurisdiction of the United States"; (4) defendant committed and/or aided and abetted in the commission of an "offense" as defined in the statute; and (5)

defendant was afterwards found in the United States.[3]

> The statute defines "an offense" as follows:
> A person commits 'an offense' when, while aboard an aircraft in flight, he ... unlawfully, *by force or threat thereof, or by any other form of intimidation, seizes, or exercises control of,* that aircraft or attempts to perform any such act ... or is an accomplice of a person who performs or attempts to perform any such act.

49 U.S.C.App. § 1472(n)(2). Thus, in addition to the above mentioned elements, the government must also prove that defendant (1) used force, threats of force, or some form of intimation to (2) gain control of the aircraft.

■ The language that defendant seeks to have stricken from the indictment is necessary to describe the "force or intimidation" element of the offense. The government contends that defendant brandished a firearm, issued death threats, and eventually carried out such death threats to seize and maintain control of the aircraft throughout the period of the hijacking.[4] The language in the indictment objected to by the defendant summarizes the methods of force and intimidation used by defendant during the commission of the alleged offense. Such language merely describes this necessary element of the offense.

Furthermore, the government has modified the language objected to by the defendant in order to present the force and intimidation element in a responsible and nonprejudicial fashion. The second superseding indictment replaces the term "murder" as it appeared in the first superseding indictment with the term "kill" or "killing." The substitution of less inflammatory terms provides more than adequate protection against the potential for undue prejudice. Because the language that defendant seeks to strike from the indictment is necessary to describe an essential element of the offense, and because

the second superseding indictment corrects language in a way that eliminates the possibility of unduly prejudicing the jury, defendant's motion to strike surplusage from the indictment shall be denied.

## C. Defendant's Motion to Bifurcate

In the alternative of striking surplusage from the indictment, defendant requests that this Court order the severance of the "force or intimidation" element from the remainder of elements of the aircraft piracy offense. Defendant argues that the jury should first hear the evidence relating to whether defendant committed the actual seizure or "taking over" of the aircraft. If the jury find defendant guilty of the hijacking, then the jury should separately determine the issue whether defendant used "force or intimidation" in the course of seizing the aircraft, and whether any death resulted in the commission of the hijacking to trigger the enhanced penalty provision of the statute.

The leading case in this Circuit on the question of severance of elements of an offense is *United States v. Fennell,* 53 F.3d 1296 (D.C.Cir.1995). The defendant in *Fennell* was charged with possession of cocaine base with intent to distribute, possession of a firearm while under a separate felony indictment, and other related gun-related offenses. In order to protect the defendant against any undue prejudice with respect to the separate felony indictment, the parties agreed to stipulate that defendant was the subject of a separate felony indictment at the time of the alleged possession of the firearm. The parties further agreed not to mention the stipulation to the jury, and thereby sever the "indictment" element from the firearm possession count. During the course of trial and in closing arguments, however, the prosecutor mentioned the stipulation. The Court then discussed the stipulation with the jury during the jury instructions, and carefully noted the limited purpose for which the stip-

---

**3.** In order to subject the defendant to the enhanced penalty of capital punishment or life imprisonment, the government must further prove that the death of another person resulted from the commission of the offense. *See* 49 U.S.C.App. § 1472(n)(1)(B).

**4.** In the case of a forced landing, an aircraft is considered "in flight" until "the competent authorities take over responsibility for the aircraft and for the persons and property aboard." 49 U.S.C.App. § 1472(n)(4).

ulation could be used during jury deliberation. Defendant claimed that the disclosure of the stipulation by the Court and prosecution constituted plain error.

In rejecting defendant's argument, the D.C. Circuit expressly held that "the jury must always be informed of the full nature, including each element, of the charged crime." *Id.* at 1302. The Court further reasoned that, in the absence of an agreement to sever the firearm count and try it to the bench, "the district court was obliged to inform the jury of the stipulation about the prior indictment." *Id.* The Court then held that neither the district court's nor the prosecutor's statements referring to the stipulated element of the firearm possession count constituted error. *See id.*

■ It is clear that defendant's request to sever this element of the offense is expressly prohibited by the *Fennell* decision. Defendant, however, argues that severance of elements is permissible under *United States v. Jones,* 67 F.3d 320 (D.C.Cir.1995) and *United States v. Dockery,* 955 F.2d 50 (D.C.Cir. 1992). Defendant's reliance on *Jones* and *Dockery* is misplaced. In *Jones,* defendant was charged with possession with intent to distribute cocaine and being a felon in possession of a firearm. Because Jones' prior felony conviction was for possession with intent to distribute cocaine, Jones offered to stipulate to the fact that he had a prior felony conviction, and moved to exclude all evidence that the conviction was for possession with intent to distribute cocaine under Federal Rule of Evidence 403. The prosecutor argued that the nature of the prior felony conviction was admissible because the government had the burden of proving the "felony status" element of the felon-in-possession charge. The district court deferred ruling on defendant's request, but ordered the prosecutor not to refer to the nature of the prior felony conviction in opening argument. However, the court read the indictment to the jury, including the nature of the prior felony conviction as set out in the charge.

Thereafter, government witnesses were permitted to testify about the nature of the prior felony conviction.

Defendant argued on appeal that the district court abused its discretion under Rule 403 by allowing the government to prove the nature of his prior conviction when defendant was presently being charged for a nearly identical offense. The D.C. Circuit agreed with the defendant. The Court reasoned, "the danger of undue prejudice by allowing the government to introduce evidence regarding the nature of Jones' prior felony conviction was manifest in view of the virtually identical charges in the indictment." *Id.* at 324. The Court further reasoned that, despite the government's representation to the contrary, the stipulation should have been sufficient to meet the government's burden of proving the status element of the firearm charge because "[t]he statute requires only that the government prove that the defendant 'has been convicted ... of, a crime punishable by imprisonment for a term exceeding one year.'" *Id.* (citation omitted). Accordingly, the court held that the errors at trial were not harmless and granted defendant's motion for a new trial.

The *Jones* case is unhelpful to the defendant is this case. *Jones* stands for the narrow proposition that informing the jury of the nature of a defendant's prior felony conviction in a felon-in-possession prosecution where the prior conviction is essentially identical to other charges in the indictment constitutes reversible error.[5] At no point did the *Jones* Court discuss the stipulation to or severability of individual elements of a single offense, and whether the failure to stipulate or sever a particular element would also constitute reversible error. As the *Jones* Court observed:

> [T]he instant case is distinguishable from the related situation in which a defendant offers to stipulate to an element of a charged offense, thereby attempting to preclude the government from offering evi-

---

5. The *Jones* Court noted that the government did not seek to admit evidence of the nature of Jones' prior felony conviction on alternative grounds. Thus, the Court expressed no opinion as to the admissibility of the prior felony conviction under Federal Rule of Evidence 404(b). *See Jones,* 67 F.3d at 323 n. 8.

dence for a purpose relevant to that element."

*Id.* at 324 n. 9. The *Jones* Court apparently viewed the question of severability of elements as a separate inquiry to which the reasoning in *Jones* was simply not applicable. Accordingly, *Jones* provides little, if any, support for defendant's argument on the question of element severability.

*Dockery* is equally unhelpful. In *Dockery*, defendant was charged with drug trafficking and being a felon in possession of a firearm. Unlike this case, in which defendant seeks to sever an *element* of a single count, Dockery sought to sever the entire *felon-in-possession count* from the remainder of the counts in the indictment or, in the alternative, stipulate to the prior conviction or try the entire felon-in-possession count to the judge. The D.C. Circuit held that the trial court erred in refusing defendant's request to sever the felon-in-possession count, and that a trial court should proceed with a "high level of care" in order to protect such defendants from the potential for prejudice. *Id.* at 50–51.

The *Dockery* Court did note, as one of several possibilities, that a district court might withhold evidence as to a particular element of *one count* so as not to prejudice the jury *with respect to the other counts.* *See Dockery,* 955 F.2d at 55 n. 4. At no point, however, did the *Dockery* Court indicate that the elements of a single count may be severed so as to not prejudice the jury's ability to find the remaining elements of the same charge. Furthermore, to the extent that any favorable inferences can be drawn from Footnote 4 of *Dockery,* it should be noted that this Court is not obliged to follow such inferences in light of the fact that the inferences do not arise from any holding in the case.

The D.C. Circuit's opinion in *Fennell* controls in this case. Under *Fennell,* the jury must be made aware of the full nature, including all the elements, of an offense charged in an indictment. Accordingly, defendant's motion to bifurcate shall be denied.

### CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's Motion to Dismiss on the Ground that the Government Has Unlawfully Manufactured an Element of the Offense is DENIED;

2. Defendant's Motion to Strike Surplusage is DENIED; and

3. Defendant's Motion to Bifurcate is DENIED.

SO ORDERED.