UNITED STATES of America, Appellee,

v.

Kevin A. MYLES, Appellant.

No. 96–3002.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 16, 1996.

Decided Sept. 27, 1996.

ous drug trafficking counts, by allowing the jury to learn of the nature of the predicate felony and by failing to take any specific precautions to ameliorate prejudice arising from the introduction of this other crimes evidence. Although we conclude that the court erred on one occasion, it did not commit plain error. The evidence in support of Myles's conviction of possession with intent to distribute cocaine base was so strong that he was not prejudiced by the court's inadvertent reference to the fact that he had previously been convicted of the same offense.

### I. BACKGROUND

On October 28, 1993, Kevin Myles was convicted of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2. He was acquitted, however, of three firearms violations, including possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), with which he was charged in Count Seven of his indictment.

At the trial, the Government introduced evidence indicating that on March 11, 1993, Metropolitan Police Officer Derrick Wallace entered an apartment at 1736 H Street, N.E., Washington, D.C., to make a controlled purchase of cocaine base ("crack"). On entering the apartment, Officer Wallace encountered three persons: a man from whom he had purchased crack the previous day, a second man, and a juvenile. Officer Wallace asked for a "twenty" rock of crack and handed the first man twenty dollars in prerecorded funds. A dispute then arose between the second man and the juvenile over who would make the sale. The second man won the dispute, handed Officer Wallace a pink plastic bag containing crack, and pocketed the twenty dollars.

After the transaction was completed, Officer Wallace returned to his car and, in a radioed "lookout" to an arrest team, he described the second man as "wearing a black shirt and black jeans." Trial Transcript ("Tr.") of 10/19/93 at 81. The arrest team

A.J. Kramer, Federal Public Defender, Washington, DC, with whom Sandra G. Roland, Assistant Federal Public Defender, was on the briefs, argued the cause, for appellant.

John Moustakas, Assistant United States Attorney, Washington, DC, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher and Thomas C. Black, Assistant United States Attorneys, were on the brief, argued the cause, for appellee.

Before SENTELLE and ROGERS, Circuit Judges, and BUCKLEY,* Senior Circuit Judge.

Opinion for the court filed by Senior Circuit Judge BUCKLEY.

Concurring opinion filed by Circuit Judge ROGERS.

BUCKLEY, Senior Circuit Judge:

At issue in this appeal is whether the district court plainly erred in appellant Kevin Myles's trial, which involved a felon-in-possession-of-a-firearm count together with vari-

---

* At the time of oral argument, Judge Buckley was a circuit judge in active service. He assumed senior status on September 1, 1996.

entered the apartment and found several persons in the bedroom, including Myles. Myles was the only person whose clothing matched Officer Wallace's description. Myles was then brought outside and identified by Officer Wallace as the person from whom he had purchased the crack. The police found a shotgun, a handgun, and the prerecorded twenty dollars under the mattress on which Myles had been lying when they entered the bedroom.

■ This evidence, if credited by the jury, was sufficient to establish that Myles had possessed cocaine base with the intent to distribute it. It also weighed in favor of the Government's contention that he possessed firearms. But in order to prove that Myles was a felon in possession of a firearm, as charged in Count Seven, it was necessary for the Government to establish that Myles was a convicted felon. To this end, the prosecutor had to introduce evidence that he had previously been convicted of a felony. It was not necessary, however, for her to inform the jury of the nature of that felony; to the contrary, as we discuss below, we have cautioned against providing jurors with that information. Nevertheless, on four occasions during the trial, the district court or the prosecutor made specific reference to the nature of Myles's predicate felony.

The first of these disclosures occurred when, during his preliminary instructions to the jury, the district judge briefly summarized the indictment:

Count seven, which is the last one, states that within the District of Columbia, Kevin Myles, having been convicted of a crime punishable by imprisonment, for a term exceeding one year, that is *possession with the intent to distribute cocaine*, in the D.C. Superior Court, Criminal Case Number F13137–88, did unlawfully and knowingly receive and possess a firearm—that is, a nine millimeter Glock semi-automatic handgun, 41 Magnum revolver, and a shotgun—which had been possessed, shipped, and transported in interstate commerce.

Tr. of 10/19/93 at 15–16 (emphasis added).

The second mention of the predicate felony took place during the prosecutor's opening statement, when she explained to the jury the three elements the Government was required to prove in order to sustain a conviction for felon in possession of a firearm:

And third, [the Government must prove] that [Myles] had been convicted of a crime, which is punishable by more than one year, which is a felony. And the government will show that, through a certified conviction, that he was convicted in Case Number F13137–88, of *possession with intent to distribute crack cocaine,* in the Superior Court of the District of Columbia, before March 11, 1993.

*Id.* at 33–34 (emphasis added).

Third, the prosecutor again disclosed the nature of the felony when she introduced a certificate confirming Myles's prior conviction ("certified conviction") into evidence:

Yes, Your Honor. The government moves into evidence Government's Exhibit No. 28 which is the Defendant Kevin Myles' certified conviction from D.C. Superior Court, Case No. F13137–88, and it indicates that the defendant was convicted on March 7, 1989 of *possession with intent to distribute cocaine.*

Tr. of 10/22/93 at 113–14 (emphasis added). The certified conviction also revealed that Myles had been sentenced to imprisonment for twenty months to five years.

The final mention occurred when the trial judge responded to a note from the jurors posing the following questions relating to the felon-in-possession count: "Please define 'possession'? Can more than one person 'possess' at the same time? (in ref. to Count Seven)" Note from Jury, *United States v. Kevin Myles,* Crim. No. 93–140–01, Docket Entry 47, filed Oct. 26, 1993. The judge read the questions; but before responding, he said:

Well, now Count 7—Let me see if I've got it here. [Pause] Now Count 7 says that:

"On, or about March 11, 1993, within the District of Columbia, Kevin Myles having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is *possession with intent to distribute cocaine,* in D.C. Superior Court

Criminal Case ... did unlawfully and knowingly receive and possess firearms, that is, a 9mm Glock semi-automatic handgun, .41 magnum revolver and a shotgun which had been possessed, shipped and transported in and effecting interstate and foreign commerce."

Tr. of 10/28/93 at 11 (ellipsis in original; emphasis added).

Myles's counsel failed to object to any of the four references to the nature of the predicate felony; nor did he request a cautionary instruction on the limited use of his predicate felony. Nevertheless, Myles now appeals his conviction on the distribution charge, arguing that the district court committed reversible error by failing to take any steps to ameliorate the prejudice arising from the references to his prior drug conviction.

## II. DISCUSSION

■■■ Myles's argument in this appeal may be summarized as follows: the risk of prejudice in his trial was "manifest" because the jury learned of the nature of his predicate offense, which was nearly identical to the charge for which he was being tried; given this prejudice, the district court committed reversible error by failing to take any precautionary measures, such as prohibiting any mention of the nature of the predicate felony, giving a limiting instruction to the jury, redacting any reference to the nature of the prior felony in the indictment and certified conviction, severing the felon-in-possession count from the remaining counts of the. indictment, or requesting Myles to stipulate that he had previously been convicted of a felony. Because his counsel failed to raise any objections at trial, however, our review is limited to plain error. *See* Fed.R.Crim.P. 52(b). Under the plain error standard, redress may only be had where (1) the legal error has not been waived, (2) the error was "plain" or "obvious" under then-extant law, and (3) the error is prejudicial. *United States v. Fennell,* 53 F.3d 1296, 1301 (D.C.Cir.1995) (citation omitted). "Prejudicial errors are those that 'seriously affect the fairness, integrity or public reputation' of the trial." *Id.* (citation omitted).

■■■ We have long recognized that where a felon-in-possession charge is joined with other counts, the defendant. may be unduly prejudiced with respect to the other counts by the introduction of prior crimes evidence that would otherwise be inadmissible under the Federal Rules of Evidence. *See United States v. Daniels,* 770 F.2d 1111, 1116 (D.C.Cir.1985) ("[t]here is ... a high risk of undue prejudice whenever ... joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible"); *see also United States v. Jones,* 67 F.3d 320, 322, 324 (D.C.Cir.1995); *Fennell,* 53 F.3d at 1301 (D.C.Cir.1995); *United States v. Dockery,* 955 F.2d 50, 53 (D.C.Cir.1992). As we explained in *Jones,* other crimes evidence is always prejudicial to a defendant because "[i]t diverts the attention of the jury from the question of the defendant's responsibility for the crime charged to the improper issue of his bad character." 67 F.3d at 322 (citation omitted). The risk of prejudice is exacerbated when the predicate felony is similar to the charges for which the defendant is currently being tried. *See id.* at 324. In contrast, a failure to identify the predicate felony does not prejudice the Government because section 922(g)(1) does not require it to establish the nature of a defendant's prior felony in order to meet its burden of proof. *Id.* Accordingly, we have repeatedly admonished prosecutors and the district court that they have a duty to seek ways of ameliorating any undue prejudice arising out of the introduction of such evidence. *See, e.g., Daniels,* 770 F.2d at 1118 ("it ... will behoove prosecutors and trial judges to proceed with caution when" faced with a joined trial including a felon-in-possession count); *Dockery,* 955 F.2d at 53 ("the utmost care is necessary in conducting a joined trial that includes an ex-felon count"); *Jones,* 67 F.3d at 324 (both prosecution and the court have duty to "avoid unfair prejudice").

■■■ With these principles in mind, we turn to Myles's specific claims of error. We note at the outset that although we have urged district courts to proceed with caution

in such cases, we have never held that a court has a *sua sponte* obligation to order the severance of the felon-in-possession charge, *see Dockery,* 955 F.2d at 53 (noting that *Daniels* fashioned "no per se rule requiring severance of ex-felon count") (citation omitted), or to issue cautionary instructions concerning the use of the predicate felony, *see id.* at 56 ("trial court bears no burden to offer cautionary instructions *sua sponte* each time prior crimes evidence is introduced") (citations omitted). Nor have we required a court to take, on its own initiative, the other prophylactic measures urged by Myles. Thus we are left with just one issue; namely, whether, in the absence of any objection by Myles's counsel, it was reversible error for the district judge to allow the jury to learn the nature of Myles's predicate felony.

■ As noted earlier, the jury was given that information on four occasions—twice by the prosecutor and twice by the court. We begin with the prosecutor's references to the crime for which Myles had previously been convicted. The first of these occurred during her opening argument; the second, when she requested that the certified conviction be introduced into evidence. The court's failure to intervene *sua sponte* on these occasions was not error because the prosecutor was entitled to refer to the evidence that it planned to introduce and to describe the contents of the certified conviction being introduced into evidence. There is nothing to indicate that the prosecutor was attempting to highlight or otherwise improperly use Myles's predicate conviction to his prejudice. In light of the fact that there was no *sua sponte* duty on the district court to redact the description of Myles's prior felony from the certified copy of his conviction, the court's failure to prevent the Government from referring to the prior felony was not plain error.

■ We turn now to the two occasions on which the court identified the felony described in Count Seven of the indictment. The first occurred when the judge summarized the count in the course of his preliminary instructions to the jury. On such occasions, it is common practice for district courts to read the charges listed in the indictment. *See* Criminal Jury Instructions for the District of Columbia (Barbara E. Bergman ed., 4th ed.1993) at 6–7 (indicating that a trial judge should read or summarize the indictment or information in the preliminary jury instructions). In light of this practice, and in the absence of a request by Myles that the prosecution refrain from revealing the nature of his prior felony, we cannot fault the district judge for having informed the jury of the content of Count Seven.

■ Myles points out that, in *Jones,* we found "it was plain error for the district court to inform the jury of the nature of the felony conviction when reading the indictment and giving the final jury instructions." Brief for Appellant at 25 (quoting *Jones,* 67 F.3d at 324–25). *Jones,* however, is distinguishable from this case. In *Jones,* the defendant offered to stipulate that he had previously been convicted of a felony and moved to exclude evidence of the nature of his prior conviction, which the district court denied. 67 F.3d at 321. The court then informed the jury of the nature of the defendant's prior conviction when reading the indictment and giving the final jury instructions. We found the references to Jones's prior conviction to be plain error and noted that "[a]s the circuit precedent and the government's concession indicate, at least when the defendant stipulates to the fact of a felony conviction, the district court should avoid mentioning the nature of the prior felony to the jury." *Id.* at 325 n. 10. Thus, it is always error for a trial court to inform the jury of the nature of the defendant's prior felony conviction after a defendant has raised an objection with respect to its admission. In this case, however, Myles never raised an objection to the disclosure of the felony for which he had been convicted. Thus, the court did not commit reversible error when it summarized the indictment in its preliminary jury instructions.

■ The only instance in which a contextual basis for referring to the nature of Myles's predicate felony was lacking was when the court read Count Seven of the indictment in the jury's presence before responding to its questions regarding the meaning of "possession" in the felon-in-pos-

session count. While this was undoubtedly inadvertent, it cannot be excused: there was simply no need to remind the jurors of the nature of the predicate offense in order to provide them with a legal definition of "possession" and to inform them whether it was possible for more than one person to possess a firearm at a given time.

■ But while it was error for the court to have gratuitously identified Myles's prior felony, it was not plain error. In light of the strong evidence presented by the Government on the distribution count, we are satisfied that the court's misstep did not affect the outcome of the trial. Officer Wallace identified Myles as the man from whom he had purchased the crack cocaine on March 11, and his testimony was not materially rebutted by the defense. Because the court's error was not prejudicial, the third prong of the *Fennell* test for plain error has not been satisfied.

### III. CONCLUSION

Although we encourage district court judges to exercise great caution in joint trials of felon-in-possession counts with other charges even in the absence of objection, we cannot say that, in this case, the district court committed an error that affected substantial rights. Accordingly, the conviction is

*Affirmed.*

ROGERS, Circuit Judge, concurring:

The law in this circuit has long cautioned the district court and the prosecutor about the grave prejudice to the defendant that may result from the introduction of other-crimes evidence, particularly where the other crime is identical, or nearly identical, to the crime for which the defendant is on trial. See *United States v. Dockery,* 955 F.2d 50, 53 (D.C.Cir.1992); *United States v. Daniels,* 770 F.2d 1111, 1116 (D.C.Cir.1985); *see also Drew v. United States,* 331 F.2d 85 (D.C.Cir. 1964). The implication of our decisions is

that there is a point at which the district court has a *sua sponte* duty to act. Otherwise, the district court risks reversal for plain error. *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

For reasons made explicit in *United States v. Jones,* 67 F.3d 320, 324–25 (D.C.Cir.1995), it was improper for the district court and the prosecutor to refer in the presence of the jury to the nature of Myles' underlying conviction for the charge under 18 U.S.C. § 922(g)(1). The nature of the underlying felony is not part of the government's burden of proof. *Jones,* 67 F.3d at 324–25 (and cases cited). Thus, contrary to the government's suggestion on appeal, Appellee's Br. at 18, with which the court apparently agrees, Maj. Op. at 8, the absence of a defense offer to stipulate to the prior felony conviction did not render permissible otherwise impermissible and gratuitous references to the nature of the prior conviction; the failure to stipulate was irrelevant.[1] Moreover, defense counsel's attempts at amelioration during argument to the jury following the prosecutor's opening reference to the nature of the prior conviction indicated concern about the prejudice, not a waiver of the right to be free from it. *See Olano,* 507 U.S. at 733, 113 S.Ct. at 1777. Nor can the record reasonably be read to suggest that Myles' counsel had chosen a deliberate defense tactic of allowing repeated references to unnecessary, prejudicial evidence.

Rather than establishing a *per se* rule, this court has left the fashioning of appropriate remedies to the district court. *See, e.g., Daniels,* 770 F.2d at 1115. Surely, the district court appreciated the prejudice to Myles without having to be reminded of this court's prior entreaty to "proceed with caution." *See id.* at 1118. Yet, unlike the district court in *Jones,* 67 F.3d at 322, it did not even instruct the jury not to consider Myles' prior conviction as evidence of his guilt on the cocaine distribution charge for which he was

---

1. In *Jones,* the court noted circuit precedent consistent with the government's concession that the district court erred in permitting the jury to learn the nature of Jones' prior felony conviction after Jones had offered to stipulate to his status as a felon. 67 F.3d at 325 n. 10. The court did

not suggest that it condoned unnecessary prejudicial references to the nature of a prior conviction in the absence of an offer to stipulate. *See id.* at 323 (quoting from and adopting the First Circuit's approach in *United States v. Tavares,* 21 F.3d 1, 4 (1st Cir.1994)); *Jones,* 67 F.3d at 324.

being tried. *See United States v. Fennell,* 53 F.3d 1296, 1302 (D.C.Cir.1995), *rev'd in part on other grounds per curiam on reh'g,* 77 F.3d 510 (1996); *Daniels,* 770 F.2d at 1118; *see also United States v. Poore,* 594 F.2d 39, 41–42 (4th Cir.1979). *But see United States v. Rhodes,* 62 F.3d 1449, 1454 (D.C.Cir.1995), *vacated on other grounds mem.,* —— U.S. ——, 116 S.Ct. 1562, 134 L.Ed.2d 662 (1996). In the end what saves the conviction for the government is the absence of a colorable defense by Myles. Unlike *Jones,* 67 F.3d at 325, where the evidence left room for a defense of casual user, the government's strong evidence left Myles' weak misidentification defense in tatters. Accordingly, I concur in holding that Myles has failed to show the requisite prejudice for reversal. *See Olano,* 507 U.S. at 734, 113 S.Ct. at 1777.