**Ricky Dean LAFORCE, Movant,**

v.

**UNITED STATES of America, Respondent.**

Civil Action No. 97–0252–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

Sept. 18, 1997.

Ricky Dean Laforce, Terre Haute, IN, pro se.

Julie C. Dudley, U.S. Attorney's Office, Roanoke, VA, for Respondent.

### MEMORANDUM OPINION

WILSON, Chief Judge.

This is a motion by Ricky Dean Laforce under 28 U.S.C. § 2255 to vacate his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] A jury found Laforce guilty of the offense, and the court sentenced him as an armed career criminal to 293 months imprisonment. Laforce makes the single claim that the court abused its discretion by admitting evidence at trial—despite his offer to stipulate to the qualifying felony conviction—that Laforce had been convicted of two counts of murder. The court finds, under the circumstances, that it did not commit error in admitting the convictions into evi-

---

1. "It shall be unlawful for any person ... who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

dence, and, that even if it could be considered error, it was harmless and collateral relief is not available for the non-constitutional error. The court, accordingly, denies Laforce's motion.

## I.

Laforce is a violent man with a substantial criminal record that includes two murders. Soon after Virginia paroled him, Laforce returned to his home community in Dickenson County, Virginia, and began to terrorize his neighbors. On one such occasion, without provocation, he placed a gun to a neighbor's head and threatened to "blow ... [his neighbor's] brains out." (Tr. at 79 Feb. 6, 1992). Laforce told him menacingly that he had "just pulled 20 years for killing two people," to which the neighbor replied: "[y]eah, by God, you might pull 20 more if you kill me." (Tr. at 82 Feb. 6, 1992). Eventually, federal agents obtained a search warrant, searched Laforce's residence, found three firearms and charged him with violating § 922(g)(1).

At Laforce's jury trial, the court permitted the government to present proof of Laforce's murder convictions despite his willingness to admit his status as a convicted felon. The jury found him guilty as charged, and the court sentenced him as an armed career criminal. Laforce appealed his conviction and sentence on various grounds, including the ground currently before the court. The court of appeals found no trial error but remanded for resentencing. This court resentenced Laforce; he appealed; and the court of appeals affirmed. More than two

and one-half years later, Laforce filed this motion.

## II.

In *Old Chief v. United States,* —— U.S. ——, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), the Supreme Court found that the trial court abused its discretion in allowing the prosecution to submit evidence to prove the "prior felony" element of a § 922(g)(1) charge despite the defendant's offer to stipulate to a prior felony conviction.[2] *See* —— U.S. at ——, 117 S.Ct. at 647. The Court recognized, however, that circumstances could make conviction evidence admissible. See id. at ——, 117 S.Ct. at 655. Such circumstances were present here.

According to the Court in *Old Chief,* when used to establish the status element of § 922(g)(1), evidence of a prior conviction ordinarily serves no function that a stipulation cannot serve. *Id.* at —— —— ——, 117 S.Ct. at 653–55. The Court reasoned that a risk of unfair prejudice necessarily follows the introduction of the name or nature of a defendant's prior criminal offense, and there is no probative value in choosing evidence of a past conviction over a stipulation as to the defendant's status as a convicted felon. *Id.* at —— —— ——, 117 S.Ct. at 652–55. Thus, the Court concluded, when the defendant offers to stipulate to a prior felony conviction, Federal Rule of Evidence 403 prohibits the introduction of the nature of that conviction for the sole purpose of proving the defendant's status as a convicted felon.[3] *Id.* at —— —— ——, 117 S.Ct. at 655–56. However, the Court explicitly recognized that evidence

---

**2.** To prove a violation of § 922(g)(1), the government must establish, beyond a reasonable doubt, that: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed ... the firearm; and (3) the possession was in or affecting commerce...." *United States v. Langley,* 62 F.3d 602, 606 (4th Cir.1995), *cert. denied* —— U.S. ——, 116 S.Ct. 797, 133 L.Ed.2d 745 (1996). Because of the risk inherent in having jurors know the nature and underlying circumstances of a prior felony offense, it is often in the best interest of a defendant to stipulate to the first element of § 922(g)(1). *See United States v. Rhodes,* 32 F.3d 867, 875 (4th Cir.1994) (Hamilton, J., concurring), *cert. denied* 513 U.S. 1164, 115 S.Ct. 1130, 130 L.Ed.2d 1092 (1995). Prior

to the Supreme Court's decision in *Old Chief,* the courts sharply disagreed over whether such a stipulation would prevent the government from introducing evidence to prove a defendant's status as a convicted felon. *Compare, e.g., United States v. Breitkreutz,* 8 F.3d 688, 690–92 (9th Cir.1993) and *United States v. Burkhart,* 545 F.2d 14, 15 (6th Cir.1976), *with United States v. Tavares,* 21 F.3d 1, 3–5 (1st Cir.1994) and *United States v. Poore,* 594 F.2d 39, 40–43 (4th Cir. 1979).

**3.** Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." Fed.R.Evid. 403.

of the nature of the conviction may be admissible when the prosecution offers it for a legitimate purpose other than as proof of the status element of § 922(g)(1). *See id.* at ——, 117 S.Ct. at 655; *see also United States v. Wilson,* 107 F.3d 774, 784–85 (10th Cir. 1997); *United States v. Poore,* 594 F.2d 39, 42 n. 8 (4th Cir.1979). "[I]f, indeed, there were a justification for receiving evidence of the nature of prior acts on some issue other than status ... Rule 404(b) guarantees the opportunity to seek its admission." *Old Chief,* —— U.S. at ——, 117 S.Ct. at 655. In such circumstances, a stipulation cannot serve as an exact substitute for, or even a close approximation of, evidence presented directly to the jury. *See Old Chief,* —— U.S. at —— – ——, 117 S.Ct. at 653–54 (describing the utility of using evidence instead of stipulations in most circumstance). As a result, when evidence of a prior conviction satisfies a purpose other than simply proving a defendant's status as a convicted felon, the general rule, as recognized by the Court in *Old Chief,* applies: "the prosecution is entitled to prove its case by evidence of its own choice, or, more exactly, that a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the government chooses to present it." *Id.* at 653 (acknowledging that "[t]his is unquestionably true as a general matter").

▮ In the present case, Laforce's prior murder convictions supplied the "evidentiary depth [needed] to tell a continuous story." *Id.* at 654. Laforce's own statement, that he had "just pulled 20 years for killing two people," made proof of his murder convictions relevant to the case against him. Therefore, the court did not err when it permitted the government to prove the nature of those convictions despite Laforce's offer to stipulate to his status as a convicted felon. His motion, therefore, lacks merit.

### III.

▮ Even if the court erred in admitting Laforce's two murder convictions, the error was unquestionably harmless given Laforce's own statement, a statement the court properly admitted, that he had "just pulled 20 years

for killing two people." Laforce cannot obtain relief based on harmless error.

### IV.

▮ A judgment of conviction is not subject to collateral attack based on nonconstitutional error unless that error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)); *see United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979); *United States v. Morrow,* 914 F.2d 608, 614 (1990). Under the circumstances, the admission of petitioner's two murder convictions hardly could be considered a "fundamental defect."[4] It may not serve, therefore, as a basis for attack under § 2255.

### V.

For each of the reasons stated, the court will dismiss Laforce's motion with prejudice.

### *FINAL ORDER*

In accordance with the written Memorandum Opinion entered this day, it is hereby

### ORDERED AND ADJUDGED

that Ricky Dean Laforce's motion to vacate his conviction pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED** with prejudice. This case will be stricken from the active docket of the court.

Laforce is advised that he may appeal this decision pursuant to Rule 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within sixty (60) days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The clerk is directed to send a certified copy of this order and the accompanying Memorandum Opinion to all parties.

---

4. It is doubtful that a discretionary ruling could ever constitute a "fundamental defect."