UNITED STATES of America, Appellee,

v.

Charles Lewis POORE, Appellant.

No. 78–5144.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 8, 1978.

Decided March 8, 1979.

Michael S. Frisch, Washington, D.C., (Ravdin & Frisch, Washington, D.C., on brief), for appellant.

Glenn L. Cook, Asst. U.S. Atty., Baltimore, Md. (Russell T. Baker, Jr., U.S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

Charles Lewis Poore was charged in a two count indictment with possession of an unregistered firearm (a sawed-off shotgun)

in violation of 26 U.S.C. § 5861(d)[1] (Count I) and with possession of a firearm by a previously convicted felon in violation of 18 U.S.C.App. § 1202(a)[2] (Count II). Both charges involved a single firearm, a sawed-off shotgun, allegedly possessed by Poore on or about November 1, 1977. Appellant filed a Motion for Relief from Prejudicial Joinder, seeking separate trials on the two counts or, in the alternative, other relief. The motion was denied, and the case proceeded to trial, where the jury found appellant guilty on both counts of the indictment. On appeal, he contends that the district court erred in denying any relief, in the various alternative forms suggested by him, from the prejudicial joinder of Counts I and II. He also contends that the district court erred in denying his Motion for Judgment of Acquittal made at the close of all the evidence.

## I

Count II of the indictment charged defendant with possession of a firearm after having been convicted of a felony in violation of 18 U.S.C.App. § 1202(a). It reads as follows:

And the Grand Jury for the District of Maryland further charges:

On or about the 1st day of November, 1977, in the State and District of Maryland,

having been convicted of a felony by the Circuit Court of Prince George's County, that is, carrying a handgun, knowingly possessed, received, and transported in commerce and affecting commerce a firearm, that is a Stevens 16–gauge shotgun, Model 58, no serial number, in violation of Section 1202(a) Title 18, Appendix, United States Code.

The contention from the outset has been that Count II improperly contained the nature of the prior felony conviction, i. e., "carrying a handgun." Poore was concerned that the jury, in passing on both counts of the indictment, each of which charged "possession" of a sawed-off shotgun, could be prejudiced by being made aware of the prior handgun conviction. Consequently, Poore asked the district court for various alternative relief all to the end and effect that the jury would not be apprised of the nature of the prior handgun conviction.[3]

Appellant requested that the nature of the prior felony conviction contained in Count II, i. e., for carrying a handgun, be stricken from the indictment as surplusage and prejudicial.[4] He offered to, and in fact did, stipulate that he had previously been

1. Section 5861(d) provides:
It shall be unlawful for any person—
(d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record[.]

2. Section 1202(a), in pertinent part, provides:
Any person who—
(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

3. Appellant proposed the following as alternative forms of relief: severance; a bifurcated trial of the issues of possession and previous conviction, with the government being required to try the offense alleged in Count I first, thus determining whether defendant was in possession of the sawed-off shotgun before the earlier

conviction would be known to the jury; deletion of the language descriptive of the nature of appellant's prior felony conviction from Count II as surplusage, with appellant stipulating to the fact that he has been convicted of a felony; substitution of a non-firearm felony that appellant had been convicted of without requiring the reindictment of appellant who was willing to stipulate to another felony conviction; and, submitting Count II to a bench trial and having a jury trial just on Count I.

4. This opinion will address itself solely to the issue of whether the district court erred in refusing to strike the language descriptive of the nature of appellant's prior felony conviction from Count II of the indictment since our disposition of that issue makes it unnecessary to decide appellant's contention that the district court erred in refusing to grant the other forms of relief suggested. We note that Poore, in his Motion for Relief from Prejudicial Joinder, sought relief from the perceived prejudice of the jury being apprised of the *nature* of his

convicted of the felony of carrying a handgun. The nature of Poore's prior felony conviction was not stricken from Count II of the indictment and, thus, the jury was aware of the fact that appellant had previously been convicted of a firearm violation, "carrying a handgun," when determining his guilt or innocence of the offenses charged in Counts I and II of the indictment.[5]

■■ We begin by noting that pursuant to FRCrP 7(d) a district court, on the motion of a defendant, may strike surplusage from an indictment.[6] The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, 1 Wright, *Federal Practice and Procedure*, § 127 at 277, or not essential to the charge, *United States v. Kemper*, 503 F.2d 327, 329 (6th Cir. 1974), cert. den., 419 U.S. 1124, 95 S.Ct. 810, 42 L.Ed.2d 824, or unnecessary, or inflammatory, *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962). A Rule 7(d) motion is addressed to the discretion of the district court, *Kemper* at p. 329, *Dranow* at p. 558; 1 Wright, *Federal Practice and Procedure*, § 127 at 277–78. Therefore, an appellate court, in determining whether a district court has erred in refusing to strike certain language from an indictment, reviews the district court's decision to see if that decision constituted an abuse of discretion. *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971).

■ Appellant asserts that in the context of this case the district court's refusal to strike the nature of his prior felony conviction from Count II of the indictment constituted an abuse of discretion. We agree. In light of his stipulation to the prior felony conviction, the nature of that conviction was not a necessary element of the statutory offense charged in Count II. Section 1202(a) does not require a specific type of prior felony conviction before the prohibitions of the section attach; any felony conviction suffices.[7] Poore's stipulation to the prior felony conviction itself satisfied § 1202(a)'s requirement of a prior felony conviction. See *Kemper*, pp. 329–330, but cf. *United States v. Smith*, 520 F.2d 544, 548 (8th Cir. 1975), cert. den., 429 U.S. 925, 97 S.Ct. 328, 50 L.Ed.2d 294 (1976) (the government is not required to accept defendant's proffered general stipulation of conviction of felony or that of a prior felony conviction to the one relied upon in lieu of offering proof thereof). The prejudice against appellant in permitting the jury to be apprised of the nature of Poore's prior felony conviction by the use of unnecessary language descriptive of that felony conviction contained in Count II is clear. The prior felony conviction was for "carrying a handgun," the same type of firearm offense with which appellant is being charged in this case. Despite the district court's precautionary instructions, we recognize that "to the layman's mind a defendant's criminal disposition is logically relevant to his

---

prior felony conviction. It was in this context that appellant sought the severance of Counts I and II pursuant to FRCrP 14. At no time has appellant argued that Counts I and II should be severed pursuant to Rule 14 because the jury could be prejudiced against him in determining his guilt or innocence of the offense charged in Count I based on its knowledge, obtained from Count II, that appellant has a *prior felony conviction* without regard to the nature of that conviction. Thus, we express no opinion on that issue.

**5.** The district court did instruct the jury that "an indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against the accused and does not create any presumption or permit any inference of guilt." The court also instructed the

jury that "proof that the defendant has previously been convicted of a felony is merely one element of the crime with which the defendant is charged in the Second Count. This proof in no way changes the burden of proof of the remaining elements, or the legal presumption that Mr. Poore is innocent, until and unless he is proven guilty beyond a reasonable doubt of each essential element of the crime charged."

**6.** FRCrP 7(d) provides:

The court on motion of the defendant may strike surplusage from the indictment or information.

**7.** A felony is defined in § 1202(c)(2) as an offense punishable by imprisonment for a term exceeding one year.

guilt or innocence of a specific crime." *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976). Therefore, we must conclude that it was not unlikely that the jury, being apprised of the fact that appellant had previously been convicted of a like firearms offense, considered that fact in passing on his guilt or innocence of the offenses charged in this case.[8] Any such consideration, of course, would be improper. To prevent such prejudice from occurring, the district court should have stricken the objectionable language from Count II of the indictment.

*United States v. Kemper*, 503 F.2d 327 (6th Cir. 1974), cert. den., 419 U.S. 1124, 95 S.Ct. 810, 42 L.Ed.2d 824, a case very similar to the case before us, supports our conclusion that the district court abused its discretion in refusing to strike the nature of the prior felony conviction from Count II of the indictment. In *Kemper*, the defendant was convicted on Count II of a three count indictment for transporting a firearm in interstate commerce after having been convicted of a felony in violation of 18 U.S.C. § 922(g). Defendant appealed his conviction on the ground that the district court erred in refusing to strike from the indictment language descriptive of the nature of the felony for which he had been convicted despite his willingness to stipulate to the prior conviction. The indictment read as follows:

### Count 2

(T. 18 Sec. 922(g), U.S.C.) THE GRAND JURY FURTHER CHARGES:

That on or about the 30th day of April, 1973, TOMMY KEMPER having been convicted of a crime punishable by imprisonment for a term exceeding one year, that is, the interstate transportation of a female for the purpose of having her practice prostitution and for other immoral purposes on or about the 29th day of November, 1943, by the United States District Court for the Southern District of California, did transport a firearm, that is, a Rossi .32 caliber revolver, from Valdosta, in the State of Georgia, to Madison County, in the Eastern District of Kentucky.

*Kemper*, 503 F.2d at 328–29.

In passing on the defendant's contention that the district court erred in not striking the nature of his prior felony conviction from the indictment, the court in *Kemper* stated:

"In the case before us, the material which was requested to be stricken was not a necessary element of the statutory offense in light of the defendant's willingness to stipulate to the prior conviction itself. [footnote omitted, see following] It should suffice for the indictment to contain language simply stating that defendant had previously been convicted in a specified court of a crime punishable by imprisonment for a term exceeding one year, omitting language descriptive of the offense." 503 F.2d at 329.

\*   \*   \*   \*   \*   \*

"A different question would be presented if there was no offer to stipulate to the prior felony conviction, and the government was therefore forced to prove such conviction by reliance upon a prior judgment containing a statement of conviction inextricably interwoven with descriptive details of the offense. Indeed, if the defendant should not be willing to stipulate to the prior conviction, he could *require* the prosecution to prove such conviction by the prior record or judgment of conviction." 503 F.2d at 329, n. 3.

The court then explained that the fact the jury had been apprised of the nature of the defendant's prior felony conviction was prejudicial and stated that a serious question had arisen on the facts presented as to whether or not the district court abused its discretion in denying the motion to strike the objectionable details. The court concluded, however, that the district court's refusal to strike the challenged language

---

8. In this regard, we should point out that it has not been shown that appellant's prior felony conviction was admissible for any purpose other than as proof of an element of Count II.

---

from the indictment, if error, was harmless because "the jury was properly made fully aware of both the fact and the nature of the prior conviction when the defendant was cross-examined with reference to it for purposes of impeachment."

In the case at hand, appellant's prior felony conviction was not admissible for any purpose other than as proof of an element of Count II, in contrast to the situation in *Kemper*.[9] Thus, in this case the district court's refusal to strike the objectionable language from the indictment cannot be deemed harmless error. We therefore reverse Poore's conviction on both counts[10] and remand for a new trial. As long as appellant stipulates to the prior felony conviction, the district court should strike the language descriptive of the nature of that felony conviction from Count II of the indictment.

## II

■ Poore also contends that the district court erred in denying his Motion for Judgment of Acquittal made at the close of all the evidence pursuant to Federal Rule of Criminal Procedure 29. He asserts that the government failed to adduce evidence sufficient to show that he had the power and intention to exercise dominion and control over the sawed-off shotgun and therefore failed to establish that he was in constructive possession of the shotgun. We have reviewed the record and conclude that the contention is without merit. Appellant resided with Lucia McKinley in her apartment for a period of time and it was in Mrs. McKinley's apartment that the shotgun was

discovered. Based upon the testimony of Mrs. McKinley as well as others, we believe the jury could properly have concluded that Poore was in constructive possession of the shotgun.

In accordance with our discussion in Part I of this opinion, the judgment of conviction is

VACATED AND THE CASE REMANDED FOR A NEW TRIAL.

9. Another case similar to *Kemper*, although in slightly different context, is *United States v. Busic*, 587 F.2d 577 (3d Cir. 1978). In that case, the issue was whether severance should have been granted, of counts for assault with a dangerous weapon and using a firearm in the commission of a felony, from a count for receiving firearms, having been previously convicted of a felony. The court found that the error was harmless because the defense of entrapment had been raised and the previous conviction was admissible to show predisposition. The court went on, nevertheless, to say that severance should be granted in such cases unless the previous conviction of felony was independently admissible. A part of the *Busic* opinion not connected with this ruling was vacated on rehearing. See p. 587 of the opinion and 435 U.S. 964, 98 S.Ct. 1631, 56 L.Ed.2d 72 (1978) (petition for certiorari dismissed).

10. Appellant's conviction on Count I, as well as his conviction on Count II, must be vacated because it is just as likely that the jury improperly considered appellant's prior conviction of "carrying a handgun" in passing on his guilt or innocence of the offense charged in Count I as it is that the jury improperly considered that fact in passing on his guilt or innocence of the offense charged in Count II.