947 F.2d 942
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Moses CARTER, Jr., Defendant-Appellant.
 No. 90-5238.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 29, 1991.
Decided Oct. 29, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CR-90-180-R)
 James J. Gitomer, Mark L. Gitomer, Cardin & Gitomer, P.A., Baltimore, Md., for appellant.
 Richard D. Bennett, United States Attorney, Douglas B. Farquhar, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Moses Carter, Jr., appeals from a jury verdict finding him guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). The district court sentenced Carter to the mandatoryminimum 15-year sentence required by 18 U.S.C. § 924(e), due to Carter's prior convictions. He argues on appeal that the district court erred in denying his motions to suppress a handgun, to strike surplusage from his indictment and to instruct the jury on the definition of reasonable doubt. Finding no error, we affirm.
 
 
 2
 The evidence at trial established that two police officers observed Carter and two other people run from the rear of a house. The officers were at the house to investigate a reported shooting. One officer began to chase Carter and the other officer chased one of the other suspects. Both officers testified that Carter dropped a handgun while fleeing. Officers first apprehended one of the other suspects and recovered a handgun from him. Officers then took Carter into custody and recovered the handgun that he dropped.
 
 
 3
 Carter argues that the police seized him once they started chasing him from the backyard of the residence. He claims that at that time they did not have a factual basis for believing that he was involved in criminal activity. Thus, according to Carter, the handgun which he abandoned as a result of this illegal police conduct should have been suppressed. The district court denied Carter's pre-trial motion to suppress finding that the officers' attempted stop was justified by reasonable suspicion. See Delaware v. Prouse, 440 U.S. 648 (1979); Terry v. Ohio, 392 U.S. 1 (1968).
 
 
 4
 Carter's claim that the officers seized him by chasing him is without merit. He was not seized prior to the time that he dropped the handgun because up to that time there was no physical force applied to him nor did he submit to an officer's show of authority. See California v. Hodari D., 59 U.S.L.W. 4335 (U.S.1991). In Hodari D., the Supreme Court distinguished Michigan v. Chesternut, 486 U.S. 567 (1988), upon which Carter relies. Because no seizure occurred prior to the abandonment of the handgun, suppression was not required regardless of whether the officers had a reasonable suspicion that Carter was engaged in criminal activity. See Hodari D., 59 U.S.L.W. at 4336 n. 1. Nevertheless, if we were to address the issue we would find that the district court correctly concluded that the officers had ample reasonable suspicion to stop Carter.
 
 
 5
 We also find that the district court did not abuse its discretion in denying Carter's motion to strike the alleged surplusage from his indictment. Carter argues that the language in the indictment which states that he had been convicted of a crime punishable by imprisonment for a term exceeding one year should have been stricken because it was surplusage and prejudicial. He relies on United States v. Poore, 594 F.2d 39 (4th Cir.1979). We find that the district court properly found that Poore is not determinative of the issue Carter raises. Poore stands for the proposition that if a defendant is willing to stipulate that he has a prior felony conviction, it is an abuse of discretion for the district court to deny the defendant's motion to strike language in his indictment which is "descriptive of the nature" of his prior felony conviction. Id. at 43.
 
 
 6
 Carter's indictment did not reveal the nature of his prior convictions, thus there was no language to strike under the Poore rationale. In Poore, this Court quoted with approval language which states that an indictment may properly charge that the defendant has previously been convicted of a crime punishable by imprisonment for a term exceeding one year. Id. at 42 (quoting United States v. Kemper, 503 F.2d 327, 329 (6th Cir.1974), cert. denied, 419 U.S. 1124 (1975)). Carter's indictment charged his prior convictions in this manner and is thus consistent with Poore. The language set forth an essential element of the charge and was properly included within the indictment. See United States v. Root, 366 F.2d 377, 381 (9th Cir.1966), cert. denied, 386 U.S. 912 (1967).
 
 
 7
 Finally, Carter argues that the district court erred by denying his request to charge the jury on the definition of reasonable doubt. He asks this Court to reconsider our long-standing view that the district courts should not attempt to define reasonable doubt absent a request from the jury. See, e.g., United States v. Headspeth, 852 F.2d 753, 755 (4th Cir.1988). We decline. The district court properly instructed the jury that the burden rested on the prosecution to prove Carter's guilt beyond a reasonable doubt and that the burden never shifts to Carter. Therefore, the district court did not commit reversible error.
 
 
 8
 Id.
 
 
 9
 Accordingly, we affirm Carter's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.