**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 97-4626

ESTEE B. WASHINGTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-97-55)

Submitted: June 9, 1998

Decided: June 24, 1998

Before MURNAGHAN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cary B. Bowen, Amy Curtis, BOWEN, BRYANT, CHAMPLIN &
CARR, Richmond, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, S. David Schiller, Assistant United States Attorney,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Estee Washington appeals his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C.A.§ 922(g) (West Supp. 1998) for which he was sentenced to fifty-one months imprisonment. Washington claims, first, that the evidence was insufficient to support his conviction, and, second, that the district court improperly denied him a reduction for acceptance of responsibility. See USSG § 3E1.1.* Finding no error, we affirm.

The evidence presented at Washington's trial showed that on February 5, 1997, Richmond police officers observed Washington seated behind the wheel of a parked car. One of the officers was aware that Washington's driving privileges in Virginia had previously been suspended and verified this information through the Department of Motor Vehicles. After observing Washington drive away, the officers performed a traffic stop and placed Washington under arrest for being a habitual offender. As Washington exited the vehicle, the officers saw a Glock 9 mm pistol on the floorboard of the driver's side of the vehicle, directly beneath the steering wheel. Washington told the officers he had borrowed the car to pick up his sick children and denied any knowledge that a weapon was in the car. The car was not titled or registered in Washington's name. Washington claims that this evidence was insufficient to show that he constructively possessed the firearm. We disagree.

A conviction must be affirmed if there is substantial evidence, viewed in the light most favorable to the government, to support a finding of guilt. See Glasser v. United States , 315 U.S. 60, 80 (1942). Circumstantial and direct evidence are both considered, and the government is given the benefit of all reasonable inferences from the

_____

*U.S. Sentencing Guidelines Manual (1997).

2

facts proven to the facts sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Possession of a firearm for the purposes of 18 U.S.C. § 922 may be constructive. See United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992); United States v. Poore, 594 F.2d 39, 43 (4th Cir. 1979). A felon has constructive possession of a firearm if he has "dominion ... or control over ... [the] vehicle in which the [firearm] is[found]." Blue, 957 F.2d at 107.

Here, Washington was the driver of a car in which a firearm was found. That the firearm was plainly visible creates a strong inference that Washington knew the gun was in the car. See United States v. Lewis, 701 F.2d 972, 974 (D.C. Cir. 1983) (upholding a jury's finding that a defendant constructively possessed a firearm where the gun was plainly visible on the back floorboard of a car he had borrowed and was driving). Accordingly, we find that the evidence was sufficient to show that Washington constructively possessed the firearm at issue.

Second, Washington claims that the district court erred by denying him a two-point reduction for acceptance of responsibility under USSG § 3E1.1. The adjustment for acceptance of responsibility is not intended to apply to a defendant unless he "clearly demonstrates acceptance of responsibility for his offense." See USSG § 3E1.1(a). The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. See United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir. 1989). Moreover, the adjustment for acceptance of responsibility is not intended to apply to a defendant who contests his factual guilt at trial. See USSG § 3E1.1, comment. (n.2); United States v. Muldoon, 931 F.2d 282, 289 (4th Cir. 1991) (noting that absent rare circumstances, USSG § 3E1.1 precludes a downward adjustment for acceptance of responsibility where a defendant exercises his constitutional right to a trial).

Whether the reduction is warranted "is primarily a factual question, [and] due deference for the sentencing court requires an appellate court to accept its findings unless they are clearly erroneous." See United States v. Cusack, 901 F.2d 29, 31 (4th Cir. 1990). The district court denied Washington's request on the grounds that he had not clearly accepted responsibility and that his purported acceptance occurred after trial and just prior to sentencing. Because timeliness of

3

the admission of responsibility is a factor which the district court may consider, see United States v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994), and because Washington did not unambiguously acknowledge his criminal conduct, see United States v. Castner, 50 F.3d 1267, 1280 (4th Cir. 1995), the district court did not clearly err in denying him the adjustment.

Accordingly, we affirm Washington's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4