**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4732

RAMON A. COATES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-97-73)

Submitted: June 9, 1998

Decided: July 29, 1998

Before MURNAGHAN, WILKINS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

JeRoyd Wiley Greene, III, JANIPHER W. ROBINSON, LTD., Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, James B. Comey, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ramon Coates appeals his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C.A.§ 922(g) (West Supp. 1998) for which he was sentenced to ninety months imprisonment. Coates claims that the district court erred in ruling that, if he were to testify, the government would be allowed to question him, on cross-examination, regarding his prior felony convictions. Coates claims also that the evidence of possession was insufficient to support his conviction. Finding no error, we affirm.

The evidence presented at Coates' trial showed that on December 12, 1996, while patrolling a known drug-trafficking area of Richmond, police officers observed Coates with another individual, Mr. Woodson. As the officers approached the two men, they separated and began to quickly walk away from the officers. Coates got into the back seat of a vehicle that was parked nearby. Officer Dunn testified that he could see Coates through the back window of the car "doing some kind of stuffing motion." The only other occupant in the back seat was a young child.

The officers conducted a consensual search of the car and found a fully-loaded .22 caliber handgun wedged between the back seats. Coates was arrested and admitted that he was a felon, that he had purchased the gun for $20 on the street, and that, prior to the officers' arrival, he had been carrying it in his pocket. At Coates' trial, the district court informed defense counsel that, if Coates testified, the government would be permitted to ask Coates about the nature of his prior felony convictions. Coates did not testify.

Coates first claims that the district court abused its discretion by ruling that the government would be allowed to question him regarding his prior felony convictions because he had already stipulated to

2

the fact that he was a convicted felon. By choosing not to testify, Coates has failed to preserve this issue for appellate review. In <u>Luce v. United States</u>, 469 U.S. 38 (1984), the Supreme Court held that a defendant who does not ultimately testify cannot challenge on appeal an in limine ruling that would have permitted the Government to impeach his testimony with a prior conviction, under Fed. R. Evid. 609(a), if he had chosen to testify. The court reasoned in part that any possible harm from the trial court ruling was "wholly speculative," even assuming that the eventual ruling during trial would have been the same. <u>Id.</u> at 41-42.

Next, Coates contends that the evidence of his possession of the weapon was insufficient to support his conviction. A conviction must be affirmed if there is substantial evidence, viewed in the light most favorable to the government, to support a finding of guilt. <u>See Glasser v. United States</u>, 315 U.S. 60, 80 (1942). Circumstantial and direct evidence are both considered, and the government is given the benefit of all reasonable inferences. <u>See United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982). Possession of a firearm for the purposes of 18 U.S.C. § 922 may be constructive. <u>See United States v. Blue</u>, 957 F.2d 106, 107 (4th Cir. 1992); <u>United States v. Poore</u>, 594 F.2d 39, 43 (4th Cir. 1979).

We find that the evidence presented at Coates' trial clearly supported his conviction, especially in light of the fact that he admitted to the officers that he had purchased the weapon and that, immediately prior to the officers' arrival, he had been carrying it in his pocket. Accordingly, we affirm Coates' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>