**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5433

JAMES STANLEY CALDWELL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-94-44-MR)

Argued: September 23, 1999

Decided: November 16, 1999

Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Stimson Trivette, Assistant Federal Public
Defender, Greensboro, North Carolina, for Appellant. Brian Lee
Whisler, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee. **ON BRIEF:** Louis C. Allen, III, Federal Public Defender,
Greensboro, North Carolina, for Appellant. Mark T. Calloway, United
States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Stanley Caldwell was convicted in the United States District Court for the Western District of North Carolina on three counts of firearms and narcotics violations. In this direct appeal, Caldwell challenges his convictions and sentence on three grounds: (1) the purported ineffective assistance of his trial counsel; (2) the pre-trial destruction of significant evidence; and (3) the failure of the court reporter to produce a sentencing transcript. For the reasons stated herein, we affirm Caldwell's convictions and sentence.

I.

On October 28, 1993, James Caldwell was standing outside in an area of Charlotte, North Carolina, known for frequent violence and drug activity. Caldwell was holding a bottle of beer when he saw three Charlotte police officers approach in a patrol car. Caldwell sought to elude the officers' vision by walking around a nearby dumpster. Two of the police officers exited the patrol car and Caldwell began to run. As the police officers chased after him, they saw Caldwell discard a small film canister and a small handgun. After throwing these objects, Caldwell stopped running and the officers secured him. The police recovered the discarded film canister and discovered that it contained twenty-two small bags of a substance suspected to be cocaine base. The police also recovered the handgun, which was identified as a .38 caliber, and found four .38 caliber bullets in Caldwell's coat pocket. The substance found in the film canister was transported to the Charlotte-Mecklenburg Crime Laboratory, where a forensic chemist, Jennifer Mills, tested the substance and determined it to be cocaine base. Caldwell was placed under arrest for state law violations and taken into custody. The state charges were later dismissed.

2

On April 4, 1994, Caldwell was named in a three-count federal indictment for: (1) being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1999); (2) possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999); and (3) use and carry of a firearm during a drug trafficking crime, in violation of 18 U.S.C.A.§ 924(c)(1) (West Supp. 1999).

After the federal indictment was returned against Caldwell, and about a month before his trial was scheduled to begin, the Charlotte police destroyed the substance found in the film canister at the direction of Officer Sikes, one of the arresting officers. Caldwell had not had an opportunity to test the substance himself.

At trial, Jennifer Mills testified that she had tested the substance found in the film canister and determined it to be cocaine base. On cross-examination, Caldwell's trial counsel asked Ms. Mills about her testing methods, but never insinuated that the substance tested was not actually cocaine base. Officer Sikes testified that he authorized the destruction of the evidence after he checked the status of the case on his computer and the computer indicated that the case against Caldwell had been dismissed. Officer Sikes testified that when he authorized the destruction of evidence, he was unaware that Caldwell's case was going to proceed in federal court. Caldwell's trial counsel cross-examined Officer Sikes, and Sikes reiterated that he authorized the destruction because he believed the case had been dismissed.

During the trial, Caldwell's trial counsel stipulated to Caldwell's prior conviction for possession with intent to sell and deliver cocaine base, but he failed to remove the nature of the offense from the stipulation. This failure allowed the jury to hear on more than one occasion that Caldwell had previously been convicted of possession with intent to sell and deliver cocaine -- the same offense for which he was on trial. The district court also sustained a Government objection to one of Caldwell's trial counsel's questions and instructed Caldwell's attorney to "move on" while cross-examining a witness on a certain line of questioning. Caldwell's trial counsel also agreed to stipulate to one of the arresting police officer's expert status in the field of street-level drugs. At the close of the Government's case, Caldwell's

3

counsel moved for acquittal pursuant to Federal Rule of Criminal Procedure 29, which was denied, and then rested without putting on any evidence. The jury returned a verdict convicting Caldwell on all three counts.

Prior to sentencing, a U.S. probation officer prepared a presentence report in which he classified Caldwell as an armed career criminal under the Armed Career Criminal Act (ACCA), because Caldwell had three qualifying predicate offenses. 18 U.S.C.A.§ 924(e) (West Supp. 1999). Caldwell's trial counsel objected to this classification, and the probation officer responded that the objection was without merit. The district court sentenced Caldwell to 262 months on Count One, 240 months on Count Two (to run concurrently with Count One), and 60 months on Count Three (to run consecutive to Counts One and Two), and noted that Caldwell "technically fit[ ] the description of an armed career criminal." (J.A. at 271.)

Despite persistent efforts by Caldwell, the court reporter was unable to produce a transcript of the sentencing hearing. Pursuant to our order of December 30, 1997, the parties proceeded pursuant to Federal Rule of Appellate Procedure 10(c) and submitted their recollections of the sentencing proceeding. Caldwell's counsel on appeal was not Caldwell's trial counsel, however, and trial counsel could not be located to help reconstruct what took place at sentencing. In accordance with Rule 10(c), the district court ultimately settled the record based upon the parties' submissions. The court found that it had considered the arguments of counsel at sentencing and had determined that Caldwell qualified as an armed career criminal.

II.

Caldwell first asserts that his trial counsel provided ineffective assistance. Ordinarily, an ineffective assistance of counsel claim is raised in a 28 U.S.C.A. § 2255 (West Supp. 1999) motion in district court and should not be raised on direct appeal "`unless the record conclusively shows ineffective assistance.'" United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992)).

The standard for determining whether an attorney's performance constituted ineffective assistance is a familiar one. For Caldwell to

4

prevail, the record must demonstrate (1) that his counsel's performance fell "outside the wide range of professionally competent assistance" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). This two-prong test, therefore, requires both that the attorney's performance fall below an objective standard of reasonableness and that the deficient performance prejudice the client. See id. at 688, 691-94. Caldwell proffers several examples of his trial counsel's purported ineffective assistance, which we address in turn.

A.

Caldwell first argues that his trial counsel's failure to prevent the jury from hearing the specifics of his prior conviction for possession with intent to sell and deliver cocaine constituted ineffective assistance. Because Caldwell was charged with being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1999), the Government needed to prove that Caldwell was indeed a convicted felon. Although it appears that Caldwell stipulated to this fact, thereby relieving the Government from affirmatively proving his prior conviction, Caldwell's trial counsel apparently failed to move to exclude the specifics of the prior conviction from the stipulation.[1] The prosecution was therefore able to alert the jury on several occasions that Caldwell had previously been convicted for one of the same crimes for which he was on trial. It is clear under the law of this Circuit that had Caldwell's trial counsel moved to exclude the nature of the offense upon which Caldwell's prior conviction was based, his motion would have been granted. See United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979).

We need not decide whether trial counsel's omission fell "outside

_____

[1] The trial transcript indicates that the parties stipulated to the prior conviction, but it does not include the wording of the stipulation itself. Nonetheless, the stipulation appears to have included the nature of Caldwell's prior conviction. In its closing argument, the Government said: "You then heard the stipulations. You heard that the Defendant had been convicted on May 8, 1991, of possession with intent to sell and deliver cocaine here in Mecklenburg County." (J.A. at 209.)

5

the wide range of professionally competent assistance," as required under the first prong of the <u>Strickland</u> test, <u>Strickland</u>, 466 U.S. at 690, because we have no doubt that the record fails to demonstrate that Caldwell was prejudiced by his counsel's actions, as required under the second prong of <u>Strickland</u>, <u>see id.</u> at 694. The evidence that Caldwell committed the crimes for which he was convicted was overwhelming. The Government presented testimony from the three arresting officers setting forth the circumstances of the arrest. The chemist who tested the substance recovered from the film canister testified that the substance was cocaine base. The defense was unable to present any exculpatory evidence at all. Although Caldwell claims that he was prejudiced by the jury's exposure to the specifics of his prior conviction, Caldwell simply does not show, and the record certainly does not conclusively establish, that "but for" his counsel's purported error the outcome of his trial would have been different.

B.

Caldwell also surmises that his trial counsel might have provided ineffective assistance during sentencing with respect to Caldwell's designation as an armed career criminal. The record shows, however, that Caldwell's trial counsel objected to Caldwell's classification as an armed career criminal in the presentence report. Nothing suggests that trial counsel would have abandoned this objection during sentencing. Moreover, the district court determined that the parties argued this point during sentencing, when it settled the record pursuant to Federal Rule of Appellate Procedure 10(c). We decline to sustain an ineffective-assistance-of-counsel argument on direct appeal on the basis of such unfounded speculation.

C.

Finally, Caldwell raises other examples of his trial counsel's purported ineffective assistance, including the tactical decision to stipulate to the expert status of a witness, the cross-examination of witnesses without "purpose," and the "dogged[ ] pursui[t] [of] a line of questioning." (Appellant's Br. at 22.) These arguments are also unavailing. These tactical decisions simply did not fall "below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688.

6

Nor is there any evidence that Caldwell suffered any prejudice as a result of these decisions. See id. at 691-94.

III.

Caldwell next argues that he was denied due process because he was unable to test the substance found in the film canister before its destruction.

It is well settled that to prevail in establishing a due process violation for the government's failure to preserve potentially exculpatory evidence, the appellant must demonstrate that the police acted in bad faith. See Arizona v. Youngblood, 488 U.S. 51, 58 (1988); United States v. Sanders, 954 F.2d 227, 231 (4th Cir. 1992) (rejecting a defendant's due process claim based upon the erasure of a potentially exculpatory videotape in the absence of showing bad faith). Whether the police officer acted in bad faith "turn[s] on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." Youngblood, 488 U.S. at 56 n.*.

Caldwell proffers no evidence of bad faith on the part of the police in destroying the substance found in the film canister. Instead, Caldwell argues that an inference of bad faith is unavoidable because only the police laboratory tested the substance before one of the arresting officers authorized it to be destroyed. Nothing in the record, however, supports a finding of bad faith. Officer Sikes explicitly testified that he authorized the destruction of the evidence because his computer indicated that the case had been dismissed. He was unaware that the case against Caldwell was going to proceed to federal court. No evidence suggests that Sikes destroyed the evidence for any other reason. Caldwell has therefore failed to meet his burden of showing bad faith.[2]

_____

[2] In addition, nothing suggests that the destroyed evidence was potentially exculpatory. See Arizona v. Youngblood , 488 U.S. 51, 56-57 (1988). The chemist who tested the substance determined it to be cocaine base. She testified to this fact at trial and was subjected to cross-examination by Caldwell's attorney. All of the evidence presented indicated that the destroyed evidence was indeed inculpatory.

7

IV.

Caldwell's third and final argument on appeal concerns the failure of the court reporter to produce a sentencing transcript.

The Court Reporter Act requires that a reporter"shall . . . record[ ] verbatim . . . all proceedings in criminal cases had in open court." 28 U.S.C.A. § 753(b) (West 1993). Although compliance with this Act is mandatory, Congress did not provide a remedy for its violation. We have previously held that when a portion of a trial transcript is unavailable, an appellant must show "that the missing portion of the transcript specifically prejudices his appeal before relief will be granted." United States v. Gillis, 773 F.2d 549, 554 (4th Cir. 1985). We think that in the case of an unavailable sentencing transcript, the same showing of specific prejudice must be made. **3**

Federal Rule of Appellate Procedure 10(c) is expressly designed to address the situation when a transcript is unavailable.**4** In this case, the parties proceeded in accordance with Rule 10(c) and submitted their

_____

**3** With respect to incomplete or unavailable trial transcripts, the Fifth Circuit has created a dual standard, ruling that in cases in which the defendant is represented on appeal by new counsel, the normal "specific prejudice" standard does not apply, and the mere"absence of a substantial and significant portion of the record" requires reversal. United States v. Selva, 559 F.2d 1303, 1305-06 (5th Cir. 1977); accord United States v. Preciado-Cordobas, 981 F.2d 1206, 1212 (11th Cir. 1993) (as successor court to former Fifth Circuit, bound by Selva). We have recently joined the majority of Courts of Appeals in rejecting this approach and held that a showing of prejudice must be made even if the defendant is represented by new counsel on appeal. See United States v. Huggins, Nos. 96-4310, 98-7351, 1999 WL 717244, at *3, *4 (4th Cir. Sept. 15, 1999). We believe the same rule should apply for an incomplete or unavailable sentencing transcript.

**4** Federal Rule of Appellate Procedure 10(c) provides:

> If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 10 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

Fed. R. App. P. 10(c).

8

statements of the sentencing proceeding to the best of their recollections. Of course, because Caldwell's counsel on appeal did not represent Caldwell at trial and could not locate Caldwell's trial counsel, he likely had a difficult time in presenting his proposed statement of the sentencing proceeding.

Caldwell contends that without a sentencing transcript, or an informed account of the sentencing proceeding, we cannot effectively review whether the sentencing was conducted properly. Specifically, Caldwell argues that we will be unable to review the trial court's designation of Caldwell as an armed career criminal for purposes of the ACCA. Caldwell asks that we remand the case for resentencing. We decline to do so.

To begin, the presentence report clearly indicates that Caldwell was initially classified as an armed career criminal. The record also clearly shows that Caldwell objected to that designation, and the U.S. probation officer who prepared the presentence report responded that he believed Caldwell's objection was without merit. Moreover, it appears that the district court considered this question. In entering the judgment in this case, the district court adopted the factual findings and guideline application in the presentence report and noted that the defendant "technically fit[ ] the description of an armed career criminal." (J.A. at 271.) Finally, in its order settling the record pursuant to Rule 10(c), the district court established that it had considered the positions of both parties and had determined that Caldwell was properly designated an armed career criminal for purposes of the ACCA.

In this appeal, Caldwell does not assert that he should not have been categorized as an armed career criminal. He merely claims that because we are unable to know what evidence was presented other than the presentence report, we must remand for resentencing. Caldwell fails to show, however, that he has incurred any "specific prejudice" because of the lack of the sentencing transcript. We note again that all indications in the record show that the district court fully considered whether Caldwell was an armed career criminal under the ACCA and that the district court expressly found this fact in settling the record pursuant to Rule 10(c). Caldwell has failed to demonstrate any specific prejudice that he incurred because of the lack of a sentencing transcript, and we therefore affirm his sentence.

V.

Because Caldwell has failed to meet the requisite showing (1) that his trial counsel provided him with ineffective assistance, (2) that the police acted in bad faith in authorizing the destruction of evidence, or (3) that he has been specifically prejudiced by the lack of a sentencing transcript, we hereby affirm his convictions and sentence.

<u>AFFIRMED</u>