**UNITED STATES of America**

v.

**D.J. COOPER, Defendant.**

**No. CIV.A.6:04 CR 00006.**

United States District Court,
W.D. Virginia,
Lynchburg Division.

April 13, 2005.

First, Cooper moves to strike a large portion of his indictment. The United States has indicted Cooper for thirteen counts of discharging without a permit in violation of the Clean Water Act, 33 U.S.C. §§ 1319 & 1911. The preamble of the indictment discusses the history of Cooper's past dealings with environmental and health agencies. Cooper moves to strike this preamble, arguing that his past relationship with various environmental and health agencies has no relevance to the crimes with which he is charged and that a discussion of them in the indictment is unfairly prejudicial to him. The Government argues that the evidence of Cooper's history of difficulty complying with such agencies is relevant to his mental state in the charged crimes. Because this material is legally relevant, the Government argues, it cannot be stricken as surplusage even if it is prejudicial and inflammatory. Alternatively, it also argues that the material is not prejudicial and inflammatory.

Daniel C. Summerlin, Paul Rice Thomson, Jr., Woods Rogers & Hazlegrove PLC, Roanoke, VA, for D.J. Cooper.

Jennie L.M. Waering, United States Attorneys Office, Roanoke, VA, Michael R. Fisher, Environmental Protection Agency, Washington, DC, for United States of America.

## MEMORANDUM OPINION

MOON, District Judge.

The Court has before it two motions by Defendant D.J. Cooper ("Cooper"). The first is Cooper's Motion to Strike Prejudicial and Irrelevant Surplusage from the Indictment and Memorandum in Support Thereof, filed March 4, 2005. The second is Cooper's Motion *in limine* to exclude Cooper's Tax returns and Financial Information, filed on the same date. This Court held a hearing in connection with these motions on March 16, 2005, and it now addresses them in turn.

■ A motion to strike surplusage pursuant to Rule 7(d) of the Federal Rules of Criminal Procedure only should be granted if the language at issue "is (1) not relevant to the charges; (2) inflammatory; and (3) prejudicial." *United States v. Pleasant*, 125 F.Supp.2d 173, 184 n. 9 (E.D.Va.2000) (citation omitted); *accord United States v. Hartsell*, 127 F.3d 343, 353 (4th Cir.1997) (declining to strike surplusage because "even if the paragraphs were unnecessary . . . we find no indication whatsoever that they were prejudicial"). *See generally* 1 Charles Alan Wright, Nancy J. King, Susan R. Klein, & Andrew D. Leipold, Federal Practice and Procedure § 127 (3d ed.1999). This Court agrees with the Government that a defendant seeking to strike surplusage must satisfy a conjunctive test, satisfying each of these three elements, rather than the disjunctive test suggested by *United*

*States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979). Even accepting this fact, however, the Court is not convinced that the language at issue avoids the status of "surplusage." Specifically, it does not appear that the portion of the indictment discussing Cooper's history with environmental agencies is necessary to the indictment. Rule 7(c) of the Federal Rules of Criminal Procedure provides that "the indictment ... must be a *plain, concise, and definite* written statement of the *essential* facts constituting the offense charged." Fed. R.Crim.P. 7(c) (emphasis added). This provision contemplates an indictment that merely pleads each of the factual elements of the offense charged. It does not contemplate the inclusion of every piece of evidence that ultimately may be relevant to building a case against the defendant. If it did, a criminal indictment would be free to grow from a "plain and concise" statement of "essential" facts to an unreadable monstrosity discussing every piece of evidence that would be conceivably relevant at trial. Indeed, the Government would be free to use an indictment to thoroughly present its case to the jury before the trial even began, at a time when the defendant would not be entitled to defend himself. Although the cases defining surplusage sometimes inquire as to whether the material is "relevant to the charges," *see Pleasant*, 125 F.Supp.2d at 184 n. 9, this language should not be read as permitting any material that would be legally relevant at trial. Because so much material can qualify as legally relevant, such a reading would contravene the explicit language of Rule 7(c). Rather, as described by the Fourth Circuit in *Hartsell*, 127 F.3d at 353, the question is whether that material is "unnecessary" in making out a *prima facie* pleading of the violation.

■ Accepting the Government's description of the elements here, the Government must prove that Cooper: (1) dis-charged; (2) a pollutant; (3) from a point source; (4) to waters of the United States; (5) without a permit; and (6) did so knowingly. Although it is true that Cooper's history with environmental agencies may be legally relevant at trial in demonstrating his *mens rea*, it is certainly not essential in making out a *prima facie* pleading of a violation. Here, the only essential allegation regarding *mens rea* is that Cooper acted knowingly. For this reason, the Court finds that this history is not necessary to the charges at issue.

Furthermore, the Court also finds that this history is indeed inflammatory and unduly prejudicial. A litany of Cooper's past difficulties with environmental agencies essentially gives the Government an unwarranted extra opportunity to assert claims that are properly reserved for consideration at trial. This finding is informed by the independent, but nevertheless analogous, standards concerning the ethics of extrajudicial attorney statements. ABA Model Rule 3.6 provides:

> (a) A lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

Model Rules of Prof'l Conduct R. 3.6 (1995). Under the Model Rules, such an extrajudicial statement likely will have a prejudicial effect when it refers to "a *criminal matter*, or any other proceeding that could result in incarceration, and the statement relates to ... the character, credibility, *reputation or criminal record* of a party." *Id.* (emphasis added). These rules explicitly apply to a prosecutor. Model Rules of Prof'l Conduct R. 3.8 n. 9 (1995).

The Court does not suggest that any language in an indictment, including its surplusage, qualifies as an "extrajudicial statement" under the Model Rules. Nevertheless, it is clear that the Model Rules would prevent a prosecutor from making statements at a press conference that go to a criminal defendant's "credibility, reputation, or criminal record." It also is clear that indictments are public documents that, like governmental press statements, often are widely reported through the media. In this sense, when an indictment contains surplusage that goes beyond its limited purpose of charging a party before the court, that surplusage operates much like an extrajudicial statement in its likely impact and potential for prejudice. For this reason, the Model Rules are instructive in identifying material that would be prejudicial. Here, it is evident that the Government's long preamble concerning Cooper's prior difficulty with environmental agencies would not be permissible as an extrajudicial statement under the Model Rules. Given this fact, the Court will not endorse a policy that would allow a prosecutor to do under the guise of pleading that which he or she could not do otherwise.

■ For the foregoing reasons, the Court finds that Cooper has satisfied the requirements in moving to strike surplusage from the indictment. Nevertheless, the Court is not prepared to strike on this basis one of the paragraphs that Cooper describes in his motion. Specifically, the Court finds that paragraph (2) of the indictment is permissible, because it describes Cooper's business interest in the trailer homes at issue in this case. This description is neither inflammatory nor prejudicial, as it does not describe any difficulties Cooper had with environmental agencies. Accordingly, the Court will grant in part Cooper's motion to strike irrelevant material from the indictment.

■ Second, Cooper moves *in limine* to prevent the Government from introducing as evidence tax returns and financial information. Upon initiating the investigation that led to this indictment, the United States Attorney's Office filed an Application for Ex Parte Returns and Return information, seeking information from the Internal Revenue Service for the calendar years 1993–2003 inclusive. Cooper asserts that this evidence is not relevant to any of the elements of the crime with which he is charged. Even if there is some relevance, he argues that because he is only charged for events occurring in 2003 and 2004, the early financial information (beginning in 1993) cannot possibly be relevant. Nevertheless, this Court is not prepared at this stage to declare *in limine* that any of this evidence is inadmissible. Cooper's financial status during and in the years leading up to the charged offense may indeed be relevant to the case against him. Specifically, as noted by the Government, the material may be relevant in demonstrating a motive for the crime and, conversely, Cooper's means to comply with the law. At the very least, it is too early at this stage for this Court to say with certainty that the evidence will not be relevant. At trial, Counsel for Cooper is certainly free to raise relevance objections should they prove necessary. Further, the Government has the authority to investigate a wide range of material that could prove to be relevant, and the Court finds that information from the calendar years of 1993–2003 inclusive is appropriate given the circumstances. For this reason, the Court will deny Cooper's motion.

An appropriate Order shall issue.

## *ORDER*

The Court has before it two motions from Defendant D.J. Cooper ("Cooper").

For the reasons described in the accompanying Memorandum Opinion, it is hereby

**ORDERED and ADJUDGED**

as follows:

(1) Cooper's Motion to Strike Prejudicial and Irrelevant Surplusage from the Indictment and Memorandum in Support Thereof is hereby GRANTED. Paragraphs 5, 6, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, and 28 of the indictment are hereby STRICKEN.

(2) Cooper's Motion *in limine* to exclude Cooper's Tax returns and Financial Information is hereby DENIED.

It is so ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.