**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

TODD ERROL VASSELL, a/k/a Tadd

Vassell, a/k/a Chris Daley, a/k/a
Michael Derwitt, a/k/a Andre
Nunes, a/k/a Corey Ryan, a/k/a Eric
Scott,
<u>Defendant-Appellant.</u>

No. 97-4407

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-93-81)

Submitted: August 11, 1998

Decided: September 11, 1998

Before WILKINS and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James O. Broccoletti, ZOBY & BROCCOLETTI, P.C., Norfolk, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, Laura
Pellatiro Tayman, Assistant United States Attorney, Norfolk, Vir-
ginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Todd Errol Vassell was convicted of conspiracy to distribute and possess with intent to distribute heroin, cocaine and cocaine base in violation of 21 U.S.C. § 846 (1994) and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). He was sentenced to life imprisonment and twenty years' imprisonment concurrently, respectively. On appeal, Vassell alleges various errors in his sentence and that the district court erred in not redacting certain information from the indictment. Finding no error, we affirm.

The evidence at trial disclosed that Todd Vassell was a member of a highly organized enterprise that distributed crack cocaine in Virginia Beach, and later also in Portsmouth, Virginia. The leaders of the group, Dwayne and Michael Jenkins, obtained highly potent heroin and cocaine from New York and forwarded these substances to Virginia through private mail services. Upon the drugs' arrival, the Jenkinses opened the packages, and other members were responsible for packaging the narcotics for distribution in the housing projects.

In 1992, Vassell was primarily responsible for distributing/selling the heroin and crack cocaine. After unsuccessfully attempting to start a satellite drug operation in Tennessee, Vassell returned to Virginia, where he assisted in the group's heroin operation in the Tidewater Gardens project. At this time, Vassell lived with another member of the group, Floyd Watson, in Virginia Beach.

In that same year, detectives began an extensive investigation into the organization. Video tapes of routine surveillance showed Vassell and other co-conspirators consistently leaving the Virginia Beach residence carrying plastic bags. The detectives then followed them into Norfolk. One day, officers stopped a vehicle, driven by Kevin Kinlow, who was observed carrying two plastic bags as he exited the resi-

dence. A subsequent search of the vehicle revealed that the plastic bags contained 579 packets of heroin and a semiautomatic pistol. Vassell and Watkins observed the stop and subsequent arrest of Kinlow from across the street. Vassell assumed Kinlow's responsibilities for the supervision of the heroin operation in the Tidewater Gardens project on April 28, 1992.

Each morning Watson gave Vassell twenty to twenty-five bundles of heroin to sell in the Tidewater Gardens project. Each bundle contained thirty packets of heroin, each packet selling for $15. As part of his role in the operation, Vassell paid a woman in the projects to use her residence to facilitate distribution, and other individuals to serve as look-outs. Vassell was further responsible for other members of the group distributing the heroin in that area. Vassell was responsible for selling approximately $7000 to $10,000 worth of heroin daily. All distributors waited for Vassell's arrival and always consulted with him prior to commencing distribution.

In May 1992, detectives conducted a search of several of the residences used by the group. A search of the residence Vassell shared with Watson disclosed 3000 packets of heroin, five false bottom cans that contained bulk heroin and cutting agents, a firearm, a safe containing approximately $3000 in U.S. currency, a digital scale, numerous empty glassine packets, photographs of Vassell and other co-conspirators and other drug paraphernalia. A search of Dwayne Jenkins' apartment which Vassell was often videotaped frequenting revealed $40,000 in currency, drug ledgers, and another firearm. A search of other residences resulted in the seizure of similar items. Vassell, along with most of the other co-conspirators, were arrested and charged with state narcotic offenses. Released on bond, members of the group decided to flee the area rather than return to court.

On May 25, 1993, Vassell along with ten other co-conspirators were indicted by a federal grand jury for conspiring to distribute narcotics, engaging in a criminal enterprise, and related offenses. Vassell remained a fugitive until his first court appearance on December 4, 1996. Prior to this appearance, all but one other co-conspirator had pled guilty and been sentenced. All but one of those that pleaded guilty received reductions in their sentence for substantial assistance to the Government.

3

Vassell pleaded not guilty and was subsequently tried by a jury. The jury ultimately found Vassell guilty of conspiring to distribute narcotics and possessing with intent to distribute heroin. Over Vassell's objections to the presentence report, the court sentenced Vassell to life imprisonment and twenty years' imprisonment respectively.

On appeal, Vassell first alleges that the court erred in failing to redact alleged surplusage from the indictment. In the indictment, Vassell was charged with a number of overt acts. At the close of evidence, Vassell moved to strike those acts which were not proven by the Government. Because of the amount of retyping required by striking portions of the indictment and the fact that the Government was not required to present proof of the various overt acts, the court denied the motion.

We review a court's refusal to strike certain language from an indictment for an abuse of discretion. See United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979). The submission of an indictment to the jury is left to the discretion of the trial court. See United States v. Polowichak, 783 F.2d 410, 413 (4th Cir. 1986). Ordinarily an indictment which contains irrelevant allegations should be redacted. Id. There is no reversible error, however, when the court unequivocally instructs the jury that the indictment is not evidence, that it is distributed solely as an aid in following the court's instructions and the arguments of counsel, and that certain counts should be disregarded as irrelevant to the defendant currently on trial. Id.

In this case, the court instructed the jury in the following manner with regard to the indictment:

> I will also be sending back a certified copy of the indictment. But remember what I have said. The indictment is in and of itself not evidence. It is just there for your convenience and easy reference. And also you would need to refer to the instructions, as I have said . . . . [T]here is no burden of proof as to the overt acts in the indictment. The indictment is very lengthy.
>
> And again I would tell you that it goes from count 1 to count 41, and that's because those are the only two counts that pertain to this particular defendant.

4

J.A. at 584-85. Given the court's limiting instruction, we find no abuse of discretion in the trial court's denial of the motion and no resulting prejudice to Vassell.

Vassell next alleges that the court attributed a larger quantity of drugs to him than was reasonably foreseeable. He specifically contends that there was insufficient evidence to establish that he was a member of the conspiracy from December 1990 to August 1991 and that there was an insufficient determination of those amounts he knew about or were reasonably foreseeable to him. We review the sentencing court's factual determination of the amount of controlled substances attributable to a defendant pursuant to USSG§ 1B1.3,* on a clearly erroneous standard of review, with due deference to the court's application of the guidelines to the facts. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). The court found that Vassell was involved in the conspiracy from December 1990 to August 1992, and that he was responsible for 5,669.85 grams of heroin, 974.024 grams of cocaine, and 3375 grams of crack cocaine. Given the extensive evidence introduced by the Government of Vassell's active involvement in the conspiracy, including surveillance tapes and testimony of co-conspirators during that relevant period, we cannot find that the court erred in this determination.

Vassell also maintains that the court erred in concluding that Vassell possessed a firearm for sentence enhancement purposes. The enhancement under USSG § 2D1.1(b)(1) "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." In a conspiracy case the proximity condition is met when the weapon is present in a place where the conspiracy is carried on or furthered. See United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). If possession is attributed to a co-conspirator, a defendant should receive the enhancement when it is reasonably foreseeable to him that his co-conspirators possessed dangerous weapons that are connected with the conspiracy. See United States v. Hunter, 19 F.3d 895, 896 (4th Cir. 1994); United States v. Nelson, 6 F.3d 1049, 1056 (4th Cir. 1993). It is not necessary for the defendant to ever have had possession of the gun. See Nelson, 6 F.3d at 1056. The district court's factual determinations in this regard are

_____

*U.S. Sentencing Guidelines Manual § 1B1.3 (Nov. 1997).

5

reviewed for clear error. See United States v. Brooks, 957 F.2d 1138, 1148-49 (4th Cir. 1992).

Here, there is ample evidence of the highly organized nature of the conspiracy to distribute drugs and Vassell's involvement in the conspiracy. Kinlow, a co-conspirator who was found in possession of a firearm, testified that another member of the conspiracy gave it to him and that it was used by himself and the others in the group for protection. Vassell was seen leaving the residence with Kinlow on the day police arrested Kinlow. Furthermore, another firearm was recovered after a search of Vassell's residence along with other drug-related paraphernalia. In light of the foregoing, we find no error in the court's enhancement of Vassell's sentence under USSG § 2D1.1(b)(1).

Vassell also maintains that the court erred in assessing a three-level enhancement to his sentence pursuant to USSG § 3B1.1(c) on the basis that he exercised a supervisory role in the criminal activity. Factual disputes concerning adjustments under the guidelines should be resolved by a preponderance of the evidence. See United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir. 1989). The district court's findings of fact concerning role adjustments must be affirmed unless clearly erroneous. See United States v. Smith, 914 F.2d 565, 569 (4th Cir. 1990).

The evidence at trial disclosed that Vassell was in charge of the drug operation at the Tidewater Gardens Apartment project between April 28, 1992 and May 29, 1992, after Kinlow was arrested. Vassell arranged to pay a resident to use her apartment for the operation and instructed the other members of the conspiracy on how to proceed in distributing the drugs. Furthermore, he was responsible for compensating distributors and the look-outs. Given these facts, we find no error in the court's finding that Vassell held a supervisory role in the drug operations.

Vassell lastly contends that the court erred in attributing him with drug quantities distributed prior to his eighteenth birthday, August 5, 1991. Conspiracy is a continuing crime and although Vassell may have become involved in the conspiracy before his eighteenth birthday, he continued to play an active part in the conspiracy after he

6

became eighteen years old. We thus reject this argument based on United States v. Spoone, 741 F.2d 680, 687 (4th Cir. 1984).

Accordingly, we affirm Vassell's conviction and sentence. We grant his motion to file a supplemental, pro se brief. We have considered the issues raised in that brief and find them to be without merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7